JOT DAVIS WELDING SERVICE and Mid-Continent Casualty Company, Petitioners,

v.

Leslie J. DAVIS and the State Industrial Court, Respondents.

No. 40088.

Supreme Court of Oklahoma.

Nov. 13, 1962.

Grady H. Holloway, W. L. Funk, Oklahoma City, for petitioners.

Murphy & Booth, Mac Q. Williamson, Atty. Gen., Oklahoma City, for respondents.

BLACKBIRD, Vice Chief Justice.

On the 1st day of September, 1961, Leslie A. Davis, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by the Jot Davis Welding Service he sustained an accidental injury on June 1, 1961. The State Industrial Court entered an award for temporary total disability and this proceeding is brought by employer and its insurance carrier, Mid-Continent Casualty Company, hereinafter referred to as petitioners, to review the award.

The evidence discloses that Jot Davis is the sole owner of the business and that claimant, Leslie A. Davis, is his son; that the owner operated one truck for welding purposes and has but one employee. The cause and extent of the disability are not an issue. The single issue presented in the argument for vacating the award is that the employer had less than two employees and therefore the State Industrial Court is without jurisdiction to make an award. Claimant does not claim employer had two employees.

Tit. 85 O.S.1961 §§ 65.2 and 65.3 are as follows:

"Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee

was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury.

"Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workmen's Compenpensation Law shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by Workmen's Compensation Law regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof, before the State Industrial Commission as now provided by law."

All of the decided cases have discussed the estoppel with relation to hazardous employment. National Bank of Tulsa Bldg. v. Goldsmith, 204 Okl. 45, 226 P.2d 916; Barney U. Brown & Sons v. Savage, 208 Okl. 668, 258 P.2d 183; Folsom Auto Supplies v. Bristow, Okl., 275 P.2d 706; Shires v. Wrought Iron Range Co., Okl., 339 P.2d 105; Fuller White Chevrolet Co. v. Graham, Okl., 355 P.2d 557; and Baldwin-Hill Co. v. Lochner, Okl., 359 P.2d 228.

For the first time it is argued that the insurer is estopped to claim that employer had less than two employees.

In Baldwin-Hill Co. v. Lochner, supra, we held the evidence justified the finding there were two employees and further held that the employer and insurance carrier were estopped to raise the issue that the employment was not hazardous.

In Barney U. Brown & Sons, Inc. v. Savage, supra, we had under consideration the payment of a premium on an employee of a feed and grain business in Enid, whereas the contract of insurance was written to cover employees in the oil and gasoline business in Oklahoma City. Therein it is stated:

" * * * This is just the sort of case the statute was enacted to cover. Whether the facts presented here be called an employee's 'snare' or 'pitfall' or merely an individual or mutual 'mistake' or 'oversight' on the part of the employer and/or his insurance carrier, they are illustrative of a situation in which the legislature has decided that an employee should not find himself 'trapped' or barred from recovery after suffering a compensable injury. If it were not for these statutory provisions both the employer and employee might go along, seeing premiums on the policy collected and being lulled into believing that the latter's job was covered by the policy, then, when an accident occurred and a claim was filed thereunder, suddenly find to their joint dismay, that they had no such protection. * * *"

We think that by analogy, the principle should be applied here. Otherwise an insurer could lull an employer having one employee into believing that the employer and the employee were covered by a contract, accept the payment of premiums therefor, then escape any liability. The insuring of the employer is a guarantee to the employer that he is protected by the Workmen's Compensation Act; and this includes the necessary jurisdictional requirements, one of which is that the employer must have two employees. Just as an insurer cannot dispute the fact of haz-

ardous employment, it is likewise estopped to claim that the employer did not have two employees. The insurer must have known that employer had but one employee. It should not be permitted to escape its promise to pay compensation assumed on its contract of insurance. If the employer is obligated to pay, and the insurer is authorized to collect, the premiums on the employee, the employee is covered by the Workmen's Compensation Act. Fuller White Chevrolet Co. v. Graham, supra.

We therefore hold that where a workmen's compensation policy is issued, and the insurer has accepted the premiums therefor, the obligation to pay arises, when it is shown that the relation of employer and employee existed, and that the employee sustained an accidental injury arising out of, and in the course of, the employment.

Award sustained.