Patricia DOMINIC, Petitioner,

v.

**CREEK NATION, STATE INSURANCE FUND, and the Workers' Compensation Court, Respondents.**

No. 86740.

Supreme Court of Oklahoma.

April 8, 1997.

Steven S. Smith, The Bell Law Firm, Norman, for Petitioner.

Gary W. Sleeper, State Insurance Fund, Oklahoma City, for Respondents.

OPALA, Justice.

We are asked to decide whether an insurer who has accepted workers' compensation policy premiums computed on the claimant's salary may contest before the Workers' Compensation Court the insured's status as a covered employer. We answer in the negative.

Patricia Dominic (Dominic or claimant) sought workers' compensation benefits after an on-the-job injury while employed by the Creek Nation (Nation). Nation had secured her insurance coverage through the State Insurance Fund (Fund). After Dominic's claim was filed, Fund first paid temporary total disability and then challenged the jurisdiction of the trial tribunal, claiming Nation's tribal court was the proper forum. The trial court agreed. The three-judge review panel and the Court of Civil Appeals affirmed. According to the appellate court's reasoning, because an Indian Nation is not an "employer" within the meaning of the Workers' Compensation Act,[1] Dominic, as an insured's employee, could not secure an award against Fund.[2]

We hold that Fund is *statutorily estopped* to deny Nation's covered-employer status and escape liability for payment of benefits *after* 1) issuing a worker's compensation policy and 2) accepting premiums computed upon Dominic's salary.

## THE ANATOMY OF LITIGATION

Dominic was a ten-year employee of the Creek Nation, who occupied the position of recreation director. She was injured on August 4, 1993 when she slipped on a wood fragment and fell on a step. Her injuries were to the back, neck, legs, and hands. After medical treatment, Dominic filed a claim on August 15, 1994. The Creek Nation had obtained compensation coverage with the State Insurance Fund. *Forms filed by Fund in the compensation case confirmed Dominic was employed by Nation, she was covered by workers' compensation, and she was injured in the course of her employment. Dominic was paid temporary total disability for 21 weeks.*

It was not until October 30, 1995 that Fund *first* challenged the court's cognizance over the proceedings by denying that her employer was covered by the provisions of the compensation act. Five days before the jurisdictional objection was interposed, Fund had moved to terminate the temporary compensation, but *did not question* the legality of prior disability payments to Dominic. On December 8, 1995 the trial tribunal determined its lack of jurisdiction over the claim. This ruling is rested on the conclusion that Nation does not "fit the definition of an employer." [3]

The appellate court declared Nation to be a "domestic" and "dependent" Indian authority. It noted that Nation neither (a) *unequivocally* waived its sovereign immunity for workers' compensation liability, nor (b) could be considered an "employer" within the meaning of 85 O.S. § 3( 3 ).[4] The Court of

---

1. The provisions of 85 O.S.1991 § 3(3) are:

   " 'Employer', except when otherwise expressly stated, means a person, partnership, association, limited liability company, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association, corporation, or limited liability company, departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof, employing a person included within the term 'employee' as herein defined."

2. The pertinent part of 85 O.S.1991 § 3(4) is:

   " 'Employee' means any person engaged in the employment of any person, firm, limited liability company or corporation *covered by the terms of the Workers' Compensation Act.*"(Emphasis supplied.)

3. See the terms of 85 O.S.1991 3(3), *supra*, note 1.

4. See the terms of 85 O.S.1991 § 3(3), *supra*, note 1.

Civil Appeals added that Dominic *may* have a right to be heard in a tribal court. Dominic's chief complaint on certiorari is that Fund stands estopped by the provisions of 85 O.S. 1991 §§ 65.2 and 65.3, collectively known as the "estoppel act,"[5] to deny the trial tribunal's cognizance over her claim. We agree.

## I.

### QUESTIONS CONCERNING EMPLOYERS' STATUS FOR COVERAGE UNDER WORKERS' COMPENSATION LAW ARE ELIMINATED BY THE INTERPOSITION OF STATUTORY ESTOPPEL; AN INSURER WHO COLLECTS PREMIUMS UNDER AN ISSUED COMPENSATION POLICY(COMPUTED ON CLAIMANT'S WAGES) IS ESTOPPED TO DENY THE INSURED'S STATUS AS A COVERED EMPLOYER

*Nation's status as a covered employer* of the injured worker within the meaning of Oklahoma's compensation law is not implicated in the consideration of the case before us. Nor is at issue here Nation's claimed sovereign immunity from suit. Rather, our focus must be on the rights of the injured claimant against Nation's insurer. These rights are *statutory* rather than purely contractual.[6] The employer's compensation policy is treated as a guarantee that the insured entity's employee is protected by the Workers' Compensation Act. Once the existence of insurance is established, *jurisdictional requirements for proceeding before the trial tribunal are deemed met.*[7] Controversies between the employer and the insurer do not divest the compensation tribunal of its power to entertain a worker's claim.[8]

The claimant who, like Dominic, relies upon estoppel must show 1) an injury that occurred during the time her employer maintained a compensation liability policy, 2) the insured employer's payment of premiums based on the claimant's salary, and 3) claimant's injury occurred in and arose out of her employment with the insured employer.[9] *This proof brings the insurer under the estoppel act's compensation liability.*[10]

---

**5.** The provisions of 85 O.S.1991 § 65.2 are:
"Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury."
The provisions of 85 O.S.1991 § 65.3 are:
"Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workers' Compensation Act shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by the Workers' Compensation Act regardless of the type of busi-

ness in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof."

**6.** *State Insurance Fund v. Brooks,* Okl., 755 P.2d 653, 656 (1988).

**7.** *Jot Davis Welding Service v. Davis,* Okl., 376 P.2d 259, 260 (1962).

**8.** *State Insurance Fund v. Brooks, supra,* note 6 at 655.

**9.** *State Insurance Fund v. Brooks, supra,* note 6 at 656; *Fox v. National Carrier,* Okl., 709 P.2d 1050 1051 (1985); *Miller v. Sears, Roebuck & Company,* Okl., 550 P.2d 1330, 1334 (1976); *Young v. City of Holdenville,* Okl., 384 P.2d 905, 906 (1963); *Jot Davis Welding Service v. Davis, supra,* note 7 at 260; *Baldwin–Hill Company v. Lochner,* Okl., 359 P.2d 228, 230 (1961); *National Bank of Tulsa Building v. Goldsmith,* 204 Okl. 45, 226 P.2d 916, 922 (1951).

**10.** Statutory estoppel would not be invocable here if Nation were not insured for compensation purposes. *Miller v. Sears, Roebuck & Company, supra,* note 9 at 1334; *Sears, Roebuck and*

■ The rationale of the "estoppel act" is that an insurer who accepts premiums should not evade liability for benefits due under compensation law.[11] By long-settled case law, the "estoppel act" bars the insurer from interposing *any challenge* to the employer's status as an entity covered by the compensation law.[12]

■ Although § 65.2 appears to require an employee to be engaged in a hazardous occupation,[13] proof of the hazardous nature of the employment has been declared "wholly immaterial" when the claim is based upon estoppel.[14] What triggers estoppel's application is the employer's payment of insurance premiums computed on claimant's wages.[15] Once that proof is met, a compensation insurance policy is *conclusively presumed* to be for the benefit of the insured's employee regardless of the type of business in which the employer is engaged or the nature of the employee's work, whether hazardous or otherwise.[16] By the act of insuring the employee under the policy, the employer and the insurer decide what is to be deemed *covered employment.*[17] Even though the language of the estoppel statute appears to bar only the insurer-initiated contests over the "hazardous" nature of the insured's business, the intended purpose of the quoted word in the enactment has been uniformly construed to extend the estoppel act's benefit to *all disputes* spawned by the insurer's denial of its insured's status as an employer covered by workers' compensation liability.[18] This outer reach of estoppel's application is clearly demonstrated by those cases in which the insured employer did not have the minimum number of employees statutorily required for coverage.[19]

■ Because it is *undisputed* here that a policy was in force at the time of claimant's injury and premiums were paid on her salary, and it is *undenied* that the harm for which compensation was sought occurred in and arose out of her employment, no issue was joined between the carrier and the claimant concerning the insurer's legal liability for benefits that may be due.[20] As a third-party beneficiary under § 65.3, Dominic is statutorily entitled to enforce Nation's policy with Fund.[21]

■ There is an added basis for today's conclusion. Before Fund sought first to terminate temporary total disability (TTD) and to question the compensation court's jurisdiction, TTD payments had been made to Dominic for 21 weeks. Fund's payment of TTD *sans* contest of the employment-related nature of the claimant's harm constitutes a waiver of its defenses against liability.[22]

## SUMMARY

The "estoppel act," 85 O.S.1991 §§ 65.2 and 65.3, makes insurers liable regardless of the insured's status as a covered employer

Company v. Baker, Okl., 286 P.2d 272, 273 (1955).

11. *Young v. City of Holdenville, supra,* note 9 at 906; *Jot Davis Welding Service v. Davis, supra,* note 7 at 260; *National Bank of Tulsa Building v. Goldsmith, supra,* note 9 at 921, 922.

12. *See* note 9, *supra.*

13. See the provisions of 85 O.S.1991 § 65.2, *supra,* note 5.

14. *Young v. City of Holdenville, supra,* note 9 at 906; *National Bank of Tulsa Building v. Goldsmith, supra,* note 9 at 922.

15. *Miller v. Sears, Roebuck and Company, supra,* note 9 at 1333.

16. *See* note 14, *supra.*

17. *National Bank of Tulsa Building v. Goldsmith, supra,* note 9 at 920.

18. *Young v. City of Holdenville, supra,* note 9 at 906; *Jot Davis Welding Service v. Davis, supra,* note 7 at 260; *National Bank of Tulsa Building v. Goldsmith, supra,* note 9 at 921, 922.

19. *Jot Davis Welding Service v. Davis, supra,* note 7 at 260; *Baldwin–Hill Company v. Lochner, supra,* note 9 at 230.

20. *State Insurance Fund v. Brooks, supra,* note 6 at 656.

21. *See* note 20, *supra; see also* the provisions of 85 O.S.1991 § 65.3, *supra,* note 5.

22. *Toney v. Parker Drilling Company,* Okl., 640 P.2d 1356, 1357 (1982); *Hannah v. Oklahoma State Highway Commission,* 172 Okl. 221, 45 P.2d 53, 54 (1935); *Hughes Motor Co. v. Thomas,* 149 Okl. 16, 299 P. 176, 177 (1931).

when it is shown that premiums computed on a claimant's wages were accepted under a policy insuring the employer against liability under the Workers' Compensation Act.[23] Once this is established, the insurance contract is *conclusively presumed* to be for the benefit of the injured worker, who may invoke the jurisdiction of the Worker's Compensation Court as the appropriate forum for relief.[24]

The purpose of statutory estoppel is to prevent both an employer's and an employee's ensnarement in the false belief that compensation has been provided, only later to discover the protection to be unavailable.[25]

When Dominic's employment status and her injury in the course of and arising out of employment stood *unchallenged* and her temporary benefits were paid *without objection,* claimant's employment by the insured and her injury's compensability became *waived* as litigable issues in the case.[26] In short, Dominic may press her claim in the selected forum and the insurer will not be heard on issues *barred* either by *statutory estoppel* or by *waiver* for want of timely objections to payment of temporary benefits.

**ON CERTIORARI SOUGHT BY DOMINIC'S PETITION, THE COURT OF CIVIL APPEALS' OPINION IS VACATED, THE ORDERS OF THE WORKERS' COMPENSATION COURT AND OF THE THREE–JUDGE REVIEW PANEL ARE VACATED AND THE CAUSE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS PRONOUNCEMENT.**

KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, ALMA WILSON and WATT, JJ., concur.

HARGRAVE, J., concurs in result.

---

**23.** *Miller v. Sears, Roebuck and Company, supra,* note 9 at 1334.

**24.** *National Bank of Tulsa Building v. Goldsmith, supra,* note 9 at 922.

**25.** *Jot Davis Welding Service v. Davis, supra,* note 7 at 260.

**26.** *Toney v. Parker Drilling Company, supra,* note 22 at 1357; *Hannah v. Oklahoma State Highway Commission, supra,* note 22 at 54; *Hughes Motor Co. v. Thomas, supra,* note 22 at 177.