1997 OK 57

**Harley LITTLE, Petitioner,**

v.

**MUSCOGEE (CREEK) NATION, State Insurance Fund, and the Workers' Compensation Court, Respondents.**

No. 87877.

Supreme Court of Oklahoma.

April 29, 1997.

Tim Reese, Lawter & Pitts, Oklahoma City, for Petitioner.

Ronald E. Hignight, McGivern, Scott, Gilliard, Curthoys & Robinson, Tulsa, for Respondents.

OPALA, Justice.

The dispositive question we are asked to decide today is whether an insurer who has issued a compensation policy may contest (before the Workers' Compensation Court) the insured's status as a covered employer. We answer in the negative.

Harley Little (Little or claimant) sought benefits after he was broadsided by another motorist while driving back to work for the Muscogee (Creek) Nation (Nation). Nation had secured a workers' compensation policy from the State Insurance Fund (Fund). Fund's answer *denies* that (a) the accident arose out of and in the course of Little's employment and that (b) claimant is entitled to benefits. *Fund admits Nation stood insured for compensation.* At the hearing Fund challenged the trial tribunal's cognizance over the claim against Nation because of the latter's sovereign-entity status, *but stipulated to the applicable rate of compensation* ("should its jurisdictional objection be overruled"). The trial tribunal ruled that it lacks "subject-matter jurisdiction" because Nation "has not unequivocally expressly waived sovereign immunity by the purchase of Workers' Compensation Insurance coverage through the State Insurance Fund."

■ We hold Fund is *statutorily estopped*[1] to deny Nation's covered-employer status.

1. For the provisions of 85 O.S.1991 §§ 65.2 and 65.3, collectively known as the "estoppel act," *see infra,* note 6.

2. In his opening remarks to the court at the June 11, 1996 hearing, Fund's counsel stated: "We would stipulate to rates of compensation without

## I.

## THE ANATOMY OF LITIGATION

The 65–year old claimant had worked for Nation more than six years. He occupied the position as one of four directors of community service, reporting to the principal chief of the tribe. On December 4, 1995 Little was asked to attend the funeral of a Creek citizen. Declining the chief's offer to ride with him, Little took his own car. While returning to the office he was hit by another vehicle. Claimant's pelvis was shattered and his left ear injured. Little brought a claim on December 27, 1995.

*Fund's answer (Form 10) admits Little's employment and Nation's compensation policy with Fund.* It *denies* (a) the occurrence of the injury, (b) that claimant "was covered by the Workers' Compensation Act" and (c) Little's injury occurred in the course of and arose out of his employment. Fund had neither provided claimant medical treatment nor paid him disability benefits. The answer also raises a "jurisdictional issue."

On April 30, 1996 the trial judge approved a $10,000.00 settlement between claimant and the driver of the other vehicle. Credit for this settlement against Fund's liability, if any it have, was to be decided at a later time. At the hearing, held on June 11, 1996, *counsel stipulated the rate of compensation that applies to Little's claim.*[2] Little testified he was not aware of Nation's principal chief ever asserting sovereign immunity to defeat an employee's compensation claim. On cross-examination Fund's counsel did not question claimant's testimony that he attended the funeral at his employer's request.

Nation's benefits coordinator, who processed compensation claims for Nation's employees, testified that in her eight years of service, she was unaware of Nation ever interposing sovereign immunity to defeat a

waiving our defense of sovereign immunity of $368.00 for temporary and $205.00 for permanent, that being the maximum rate of compensation for injuries dated December 4, 1995." (Tr. at 3.)

claim. At the time of the hearing, Fund was making payments on four claims by Nation's employees.

■ Claimant seeks review of the trial judge's July 2, 1996 adverse ruling. In his paperwork here Little urges that (a) the traffic accident occurred off the tribal premises and (b) the Workers' Compensation Court has jurisdiction of his claim. Fund contends Nation (a) did not unequivocally waive its sovereign immunity for workers' compensation liability, (b) cannot be considered an "employer" within the meaning of 85 O.S. § 3(3)[3] and (c) Little is not entitled to secure an award against Fund.[4] We invoke, *sua sponte*,[5] the provisions of 85 O.S. §§ 65.2 and 65.3, collectively known as the "estoppel act,"[6] and hold that Fund stands estopped to deny the tribal tribunal's cognizance over Little's claim.

## II.

## QUESTIONS CONCERNING AN EMPLOYER'S STATUS FOR COVERAGE UNDER WORKERS' COMPENSATION LAW STAND ELIMINATED BY STATUTORY ESTOPPEL; AN INSURER WHO COLLECTS PREMIUMS UNDER AN ISSUED COMPENSATION POLICY (COMPUTED ON CLAIMANT'S WAGES) IS ESTOPPED TO DENY THE INSURED'S STATUS AS A COVERED EMPLOYER

■ *Nation's status as a covered employer* of the injured worker within the meaning of Oklahoma's compensation law is not implicated in the consideration of the case before us. Nor is at issue here Nation's claimed sovereign immunity from suit. Rather, *our focus must be on the rights of the injured claimant against Nation's insurer.* These rights are *statutory* rather than purely contractual.[7] Every employer's com-

---

3. The provisions of 85 O.S.1991 § 3(3) are:

" 'Employer,' except when otherwise expressly stated, means a person, partnership, association, limited liability company, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association, corporation, or limited liability company, departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof, employing a person included within the term 'employee' as herein defined."

4. The pertinent part of 85 O.S.1991 § 3(4) provides:

" 'Employee' means any person engaged in the employment of any person, firm, limited liability company or corporation *covered by the terms of the Workers' Compensation Act.*" (Emphasis supplied.)

5. Compensation proceedings are considered public-law controversies in which an appellate court may change the theory pressed by the parties before the trial tribunal. When resolving a public-law question, this court is free to invoke *sua sponte* the correct theory applicable to the case even though an aggrieved party's brief advanced a different reason for vacation. *Reynolds v. Special Indem. Fund*, Okl., 725 P.2d 1265, 1270 (1986); *Special Indemnity Fund v. Reynolds*, 199 Okl. 570, 188 P.2d 841, 842 (1948).

6. The provisions of 85 O.S.1991 § 65.2 are:

"Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Work-

men's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury."

The provisions of 85 O.S.1991 § 65.3 are:

"Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workers' Compensation Act shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by the Workers' Compensation Act regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof."

7. *State Insurance Fund v. Brooks*, Okl., 755 P.2d 653, 656 (1988).

pensation policy is treated as a guarantee that the insured entity's employee is protected by the provisions of the Workers' Compensation Act. Once the existence of insurance covering the claimant is established, *jurisdictional requirements for the prosecution of a proceeding before the trial tribunal are deemed met.*[8] Controversies between the employer and the insurer do not divest the trial tribunal of its power to entertain a worker's claim.[9]

A compensation claimant who, like Little, may be entitled to the benefits of estoppel must show three elements: (1) an injury that occurred during the time his employer maintained a compensation liability policy, (2) the insured employer's payment of premiums based on the claimant's salary and (3) claimant's accidental injury occurred in and arose out of his employment with the insured employer.[10] *This proof brings the claimant under the protection of the estoppel act.*[11]

The rationale of the estoppel act is that an insurer who accepts premiums under a compensation policy may not evade liability for benefits that are legally due.[12] By long-settled case law, the estoppel act bars the insurer from interposing *any challenge* to the employer's status as an entity covered by the compensation law.[13]

Although § 65.2 appears to require an affected employee to be engaged in a hazardous occupation,[14] proof of the hazardous nature of the employment has been declared "wholly immaterial" when the claim is based upon statutory estoppel.[15] What triggers estoppel's application is the employer's payment of insurance premiums computed on claimant's wages.[16] Once that proof is adduced, a compensation insurance policy is *conclusively presumed* to be for the benefit of the insured's employee, regardless of the type of business in which the employer is engaged or the nature of the employee's work, whether hazardous or otherwise.[17] By the act of insuring the employee under the policy, the employer and the insurer decide by their contract what is to be deemed *covered employment.*[18] Even though the language of the estoppel statute appears to bar only the insurer-initiated contests over the "hazardous" nature of the insured's business, the *intended purpose* of the word quoted from that enactment has been uniformly construed to extend the estoppel act's ambit to *all disputes* spawned by the insurer's denial of its insured's status as an employer affected by workers' compensation liability.[19] The precise outer reach of estoppel's application is clearly demonstrated by those reported cases in which the servant of an insured

8. *Jot Davis Welding Service v. Davis,* Okl., 376 P.2d 259, 260 (1962).

9. *State Insurance Fund v. Brooks, supra,* note 7 at 655.

10. *State Insurance Fund v. Brooks, supra,* note 7 at 656; *Fox v. National Carrier,* Okl., 709 P.2d 1050, 1051 (1985); *Miller v. Sears, Roebuck & Company,* Okl., 550 P.2d 1330, 1334 (1976); *Young v. City of Holdenville,* Okl., 384 P.2d 905, 906 (1963); *Jot Davis Welding Service v. Davis, supra,* note 8 at 260; *Baldwin–Hill Company v. Lochner,* Okl., 359 P.2d 228, 230 (1961); *National Bank of Tulsa Building v. Goldsmith,* 204 Okl. 45, 226 P.2d 916, 922 (1951).

11. Statutory estoppel would not be invocable here if Nation were not insured for compensation purposes. *Miller v. Sears, Roebuck & Company, supra,* note 10 at 1334; *Sears, Roebuck and Company v. Baker,* Okl., 286 P.2d 272, 273 (1955).

12. *Young v. City of Holdenville, supra,* note 10 at 906; *Jot Davis Welding Service v. Davis, supra,*

note 8 at 260; *National Bank of Tulsa Building v. Goldsmith, supra,* note 10 at 921, 922.

13. See note 10, *supra.*

14. See the provisions of 85 O.S.1991 § 65.2, *supra,* note 6.

15. *Young v. City of Holdenville, supra,* note 10 at 906; *National Bank of Tulsa Building v. Goldsmith, supra,* note 10 at 922.

16. *Miller v. Sears, Roebuck and Company, supra,* note 10 at 1333.

17. See note 15, *supra.*

18. *National Bank of Tulsa Building v. Goldsmith, supra,* note 10 at 920.

19. *Young v. City of Holdenville, supra,* note 10 at 906; *Jot Davis Welding Service v. Davis, supra,* note 8 at 260; *National Bank of Tulsa Building v. Goldsmith, supra,* note 10 at 921, 922.

employer, whose hired personnel did not comprise the minimum number of employees required to bring him within the law's coverage, was nonetheless held entitled to the estoppel's bar.[20]

Fund's answer to Little's claim *admits* that, at the critical time, Nation had a compensation policy with Fund. This concession establishes the first probative element required by the estoppel act. Fund's stipulation as to Little's rate of compensation ("should its jurisdictional objection be overruled") *is its admission that premiums were paid on Little's salary.* The latter proof meets the second element of the estoppel act.[21]

*Fund's denial that Little's accident is employment-related leaves the third element to be settled.* Should that element be established on remand and the issue decided in claimant's favor, the proof will be complete.[22]

## III.

### SUMMARY

 The estoppel act, 85 O.S.1991 §§ 65.2 and 65.3, which we invoke today *sua sponte* makes insurers liable—regardless of the insured's status as a covered employer—when it is established that—at the critical time of injury—premiums computed on a claimant's wages were accepted under a policy insuring the employer against liability under the Workers' Compensation Act.[23] Once this is shown, the insurance contract is *conclusively presumed* to be for the benefit of the injured worker, who is free to invoke the jurisdiction of the Worker's Compensation Court as the appropriate forum for relief.[24]

 The purpose of statutory estoppel is to prevent both an employer's and an employee's ensnarement in the false belief that compensation has been provided, only later

to discover the purchased protection to be unavailable.[25]

Fund's answer to Little's claim *admits* the existence of Nation's compensation insurance and claimant's employment by Nation. Implicit in Fund's stipulation as to Little's applicable compensation rate is its admission that premiums were paid on his wages at the time of the alleged accident. Fund's insistence that Little's injuries are not employment-related leaves that disputed issue to be decided in a post-remand adversary hearing. *In short, the issue that remains to be settled on remand is whether Little's claimed accidental harm occurred in the course of and arose out of his employment with Nation.*

**THE ORDER OF THE WORKERS' COMPENSATION COURT IS VACATED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS PRONOUNCEMENT.**

All Justices concur.

**20.** *Jot Davis Welding Service v. Davis, supra,* note 8 at 260; *Baldwin–Hill Company v. Lochner, supra,* note 10 at 230.

**21.** *See* note 2, *supra.*

**22.** *State Insurance Fund v. Brooks, supra,* note 7 at 656.

**23.** *Miller v. Sears, Roebuck and Company, supra,* note 10 at 1334.

**24.** *National Bank of Tulsa Building v. Goldsmith, supra,* note 10 at 922.

**25.** *Jot Davis Welding Service v. Davis, supra,* note 8 at 260.