1997 OK 63

**Auchee W. WAHPEPAH, Petitioner,**

v.

**KICKAPOO TRIBE OF OKLAHOMA, the
State Insurance Fund, and the Workers'
Compensation Court, Respondents.**

No. 88350.

Supreme Court of Oklahoma.

May 6, 1997.

As Corrected Aug. 21, 1997.

William E. Woodson, Jeffrey M. Cooper, Woodson & McIlroy, Norman, for Petitioner.

John B. Vera, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for Respondents.

OPALA, Justice.

¶ 1 The dispositive question we are asked to decide today is whether an insurer who has accepted workers' compensation policy premiums computed on the claimant's salary may deny the insured's status as a covered employer. We answer in the negative.

¶ 2 Auchee Wahpepah (Wahpepah or claimant) sought benefits for injuries sustained in an automobile accident while she was employed by the Kickapoo Tribe of Oklahoma (Tribe). Tribe had secured a workers' compensation policy from the State Insurance Fund (Fund). Fund's answer to Wahpepah's claim *denies* that the accident arose out of and in the course of her employment, but *admits* that (a) *Tribe stood insured for compensation,* (b) *claimant was an employee of Tribe* and (c) *she was "covered by the Workers' Compensation Act."* After a hearing the trial tribunal ruled that it has "no jurisdiction over a sovereign nation" and dismissed the claim "with prejudice against the

respondent [Tribe] and [the] State Insurance Fund."

¶ 3 We hold that because Fund is *statutorily estopped* [1] to deny Tribe's covered-employer status, it may not escape liability for payment of benefits *after* (1) issuing a workers' compensation policy and (2) accepting premiums computed upon Wahpepah's salary.

## I.

## THE ANATOMY OF LITIGATION

¶ 4 Wahpepah, who had been Tribe's community health director for one month, sustained multiple injuries to her body in an automobile accident on May 2, 1995. Wahpepah brought a claim on May 1, 1996. Tribe's answer (Form 2) lists the State Insurance Fund as its risk carrier and notes that Wahpepah had not "clocked in and reportedly [was] running an errand for her father in their own personal vehicle." Fund's answer (Form 10) admits its capacity as Tribe's insurer and that Wahpepah was employed by Tribe and "covered" for statutory protection, but denies the injury is employment-related. In its answer Fund does not object to the trial tribunal's jurisdiction.

¶ 5 At the hearing on October 8, 1996 the trial judge determined the Workers' Compensation Court has no jurisdiction over Tribe because of the latter's sovereign status. Claimant sought corrective relief. In support of the trial judge's order, Tribe and Fund assert that (a) Tribe did not unequivocally waive its sovereign immunity for workers' compensation liability, (b) *neither* could Tribe be considered an "employer" within the meaning of 85 O.S. § 3(3) [2] *nor* (c) could Wahpepah be deemed an insured's employee.[3] Fund and Tribe also urge that jurisdic-

---

1. For the provisions of 85 O.S. §§ 65.2 and 65.3, collectively known as the "estoppel act," see *infra,* note 4. *See also Dominic v. Creek Nation, Okl.,* 936 P.2d 935 (1997).

2. The provisions of 85 O.S.1991 § 3(3) are:

   " 'Employer,' except when otherwise expressly stated, means a person, partnership, association, limited liability company, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association, corporation, or limited liability company, departments, instrumentalities and institu-

tions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof, employing a person included within the term 'employee' as herein defined."

3. The pertinent part of 85 O.S.1991 § 3(4) is:

   " 'Employee' means any person engaged in the employment of any person, firm, limited liability company or corporation *covered by the terms of the Workers' Compensation Act."* (Emphasis supplied.)

tion over this claim lies in a tribal court. Wahpepah's chief argument on review is that by the provisions of 85 O.S. §§ 65.2 and 65.3, collectively known as the "estoppel act," [4] Fund is estopped to deny the trial tribunal's cognizance over her claim. We agree.

## ¶ 6 II.

### QUESTIONS CONCERNING AN EMPLOYER'S STATUS FOR COVERAGE UNDER WORKERS' COMPENSATION LAW STAND ELIMINATED BY THE INTERPOSITION OF STATUTORY ESTOPPEL; AN INSURER WHO COLLECTS PREMIUMS UNDER AN ISSUED COMPENSATION POLICY(COMPUTED ON CLAIMANT'S WAGES) IS ESTOPPED TO DENY THE INSURED'S STATUS AS A COVERED EMPLOYER

■ ¶ 7 *Tribe's status as a covered employer* of the injured worker within the meaning of Oklahoma's compensation law is not implicated in the consideration of the case before us. Nor is at issue here Tribe's claimed sovereign immunity from suit. Rather, *our focus must be on the rights of the injured claimant against Tribe's insurer.* These rights are *statutory* rather than purely contractual.[5] Every employer's compensation policy is treated as a guarantee that the insured entity's injured employee is protected by the provisions of the Workers' Compensation Act. Once the existence of insurance covering the claimant is established, *jurisdictional requirements for the prosecution of a proceeding before the trial tribunal are deemed met.*[6] Controversies between the employer and the insurer do not divest the trial tribunal of its power to entertain a worker's claim.[7]

■ ¶ 8 A compensation claimant who, like Wahpepah, relies upon estoppel must show the presence of three elements: (1) an injury that occurred during the time her employer maintained a compensation liability policy, (2) the insured employer's payment of premiums based on the claimant's salary and (3) claimant's accidental injury occurred in and arose out of her employment with the insured employer.[8] *This proof brings a claim under the*

4. The provisions of 85 O.S.1991 § 65.2 are:

"Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury."
The provisions of 85 O.S.1991 § 65.3 are:
"Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workers' Compensation Act shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by the Workers' Compensation Act regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof."

5. *State Insurance Fund v. Brooks,* Okl., 755 P.2d 653, 656 (1988).

6. *Jot Davis Welding Service v. Davis,* Okl., 376 P.2d 259, 260 (1962).

7. *State Insurance Fund v. Brooks, supra,* note 5 at 655.

8. *Dominic v. Creek Nation, supra,* note 1; *State Insurance Fund v. Brooks, supra,* note 5 at 656; *Fox v. National Carrier,* Okl., 709 P.2d 1050 1051 (1985); *Miller v. Sears, Roebuck & Company* Okl., 550 P.2d 1330, 1334 (1976); *Young v. City of Holdenville,* Okl., 384 P.2d 905, 906 (1963); *Jot Davis Welding Service v. Davis, supra,* note 6 at 260; *Baldwin–Hill Company v. Lochner,* Okl., 359 P.2d 228, 230 (1961); *National Bank of Tulsa Building v. Goldsmith,* 204 Okl. 45, 226 P.2d 916, 922 (1951).

*protection of the estoppel act.* [9]

¶ 9 The rationale of the estoppel act is that an insurer who accepts premiums under a compensation policy may not evade liability for benefits that are legally due.[10] By long-settled case law, the estoppel act bars the insurer from interposing *any challenge* to the employer's status as an entity covered by the compensation law.[11]

¶ 10 Although § 65.2 (of the estoppel act) appears to require an affected employee to be engaged in a hazardous occupation,[12] proof of the hazardous nature of the employment has been declared "wholly immaterial" when the claim is based upon statutory estoppel.[13] What triggers estoppel's application is the employer's payment of insurance premiums computed on claimant's wages.[14] Once that proof is adduced, a compensation insurance policy is *conclusively presumed* to be for the benefit of the insured's employee regardless of the type of business in which the employer is engaged or the nature of the employee's work, whether hazardous or otherwise.[15] By the act of insuring the employee under the policy, the employer and the insurer decide what is to be deemed *covered employment.* [16] Even though the language of the estoppel statute appears to bar only the insurer-initiated contests over the "hazardous" nature of the insured's business, the *intended purpose* of the critical word quoted from that enactment has been uniformly construed to extend the estoppel act's ambit to *all disputes* spawned by the insurer's denial of its insured's status as an employer affected by workers' compensation liability.[17] The precise outer reach of estoppel's application is clearly demonstrated by those reported cases in which the servant of an insured employer, whose hired personnel did not comprise the minimum number of employees required to bring him within the law's coverage, was nonetheless held entitled to the estoppel's bar.[18]

¶ 11 Fund's answer to Wahpepah's claim *admits* that at the critical time in question here Tribe had a compensation policy with Fund. This concession establishes the first probative element required by the estoppel act. Fund also concedes claimant was "covered by the Workers' Compensation Act." This constitutes an *implied admission that premiums were paid on Wahpepah's salary.* The latter part of the answer meets the second element of the estoppel act.[19]

¶ 12 *Fund's denial that Wahpepah's accident is employment-related leaves the third element to be settled.* Should that element be established on remand and the issue decided in claimant's favor, the proof will be complete.[20]

### III.

### SUMMARY

¶ 13 The estoppel act, 85 O.S.1991 §§ 65.2 and 65.3, makes insurers liable, regardless of

---

9. Statutory estoppel would not be invocable here if Tribe were not insured for compensation purposes. *Miller v. Sears, Roebuck & Company, supra*, note 8 at 1334; *Sears, Roebuck and Company v. Baker, Okl.*, 286 P.2d 272, 273 (1955).

10. *Young v. City of Holdenville, supra*, note 8 at 906; *Jot Davis Welding Service v. Davis, supra*, note 6 at 260; *National Bank of Tulsa Building v. Goldsmith, supra*, note 8 at 921, 922.

11. *See* note 8, *supra*.

12. See the provisions of 85 O.S.1991 § 65.2, *supra*, note 4.

13. *Young v. City of Holdenville, supra*, note 8 at 906; *National Bank of Tulsa Building v. Goldsmith, supra*, note 8 at 922.

14. *Miller v. Sears, Roebuck and Company, supra*, note 8 at 1333.

15. *See* note 13, *supra*.

16. *National Bank of Tulsa Building v. Goldsmith, supra*, note 8 at 920.

17. *Young v. City of Holdenville, supra*, note 8 at 906; *Jot Davis Welding Service v. Davis, supra*, note 6 at 260; *National Bank of Tulsa Building v. Goldsmith, supra*, note 8 at 921, 922.

18. *Jot Davis Welding Service v. Davis, supra*, note 6 at 260; *Baldwin–Hill Company v. Lochner, supra*, note 8 at 230.

19. *See* note 8, *supra*.

20. *State Insurance Fund v. Brooks, supra*, note 5 at 656.

the insured's status as a covered employer, when it is established that—at the time of injury—premiums computed on a claimant's wages were accepted under a policy insuring the employer against liability under the Workers' Compensation Act.[21] Once this fact is shown, the insurance contract is *conclusively presumed* to be for the benefit of the injured worker, who is free to invoke the jurisdiction of the Worker's Compensation Court as the appropriate forum for relief.[22]

¶ 14 The purpose of statutory estoppel is to prevent *both* an employer's and an employee's ensnarement in the false belief that compensation has been provided, only later to discover the protection to be unavailable.[23]

¶ 15 Fund's answer to Wahpepah's claim *admits* the existence of Tribe's compensation insurance and claimant's employment by Tribe. Implicit in Fund's statement that claimant is "covered by the Worker's Compensation Act" is its admission that premiums were paid on her wages at the time of the alleged accident. Fund's insistence that Wahpepah's injuries are not employment-related leaves that disputed issue to be decided in a post-remand adversary hearing. *In short, the issue that remains to be settled on remand is whether Wahpepah's claimed accidental harm occurred in the course of and arose out of her employment with Tribe.*

¶ 16 **THE ORDER OF THE WORKERS' COMPENSATION COURT IS VACATED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS PRONOUNCEMENT.**

¶ 17 All Justices concur.

---

**21.** *Dominic v. Creek Nation, supra,* note 1; *Miller v. Sears, Roebuck and Company, supra,* note 8 at 1334.

**22.** *Dominic v. Creek Nation, supra,* note 1; *National Bank of Tulsa Building v. Goldsmith, supra,* note 8 at 922.

**23.** *Jot Davis Welding Service v. Davis, supra,* note 6 at 260.