Dear Senator Reynolds,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Are tribal-owned casinos and businesses located in the state of Oklahoma required to carry workers' compensation insurance for their employees under Oklahoma or federal law?
2. Are tribal-owned casinos and businesses located in the state of Oklahoma required to carry unemployment insurance for their employees under Oklahoma or federal law?
3. Are employees who are tribal members treated differently under the law regarding these issues compared to employees who are not tribal members?
4. If tribal-owned casinos and businesses are not required to carry workers' compensation insurance or unemployment insurance for their employees, what means of redress do employees of tribal casinos or businesses who are injured on the job or who become unemployed have under the law?
 Introduction
¶ 1 Your questions deal with the protection afforded employees of tribal-owned casinos and businesses in the State of Oklahoma under the Workers' Compensation Act (85 O.S. 2001 Supp. 2005,§§ 1-211) or the Employment Security Act of 1980 (40 O.S. 2001 Supp. 2005, §§ 1-101-6-104). We will begin our discussion with an analysis of Oklahoma's Workers' Compensation laws applicable to federally recognized Indian tribes operating businesses or casinos in the State of Oklahoma.
 I. Indian Tribes Do Not Fall Within the Definition of "Employer" as That Term Is Used in the Oklahoma Workers' Compensation Act, and Thus Are Not Required to Provide Their Employees with Coverage under That Act. Further, Because of Their Status as Sovereigns Tribes Are Not Subject to the Jurisdiction of the Workers' Compensation Court, in The Absence of an Express Waiver.
 Indian Tribes May, However, Purchase Workers' Compensation Insurance From Insurers to Cover Their Employees. If a Tribe Purchases Insurance its Insurer is Estopped From Denying Coverage and is Subject to the Jurisdiction of the Workers' Compensation Court.
¶ 2 The only case to discuss the application of the Oklahoma Workers' Compensation Act ("Act") to a federally recognized Indian tribe and the Workers' Compensation Court's lack of jurisdiction over federally recognized Indian tribes was decided by the Oklahoma Court of Civil Appeals in Dominic v. CreekNation, No. 86,740 (Okla.Ct.App. 1996) (unpublished opinion),available athttp://www.oklegal.onenet.net/oklegal-cgi/isearch. In that case the court was presented with an issue related to a federally recognized Indian tribe's sovereignty and whether the Workers' Compensation Court had jurisdiction over claims of an employee of the Respondent, the Creek Nation of Oklahoma, for a work-related injury on tribal land. See id.
¶ 3 To protect its employees the Creek Nation had purchased workers' compensation insurance coverage from the State Insurance Fund ("Fund"). Id. The "Fund had paid [the] Claimant's medical bills and temporary total disability." Id. Thereafter, in an Amended Answer, the Fund denied coverage under the Act contesting the subject matter jurisdiction of the Workers' Compensation Court. After the hearing, the Workers' Compensation Court dismissed the claim, finding that the Creek Nation of Oklahoma was not an "employer" as defined in Section 3(8) of Title 85,[1] and also concluded it had no jurisdiction over the claim.
¶ 4 After this ruling, Ms. Dominic filed a Petition for Certiorari to the Oklahoma Supreme Court. The court accepted jurisdiction and issued an opinion in Dominic v. Creek Nation,936 P.2d 935 (Okla. 1997). The Oklahoma Supreme Court first noted that whether the Creek Nation was protected by sovereign immunity or whether the Nation was an "employer" within the meaning of the Oklahoma Workers' Compensation Act were issues that did not need to be addressed, as the proper focus was "the rights of the injured claimant against [the Creek] Nation's insurer." Id. at 938. The court held that:
 The employer's compensation policy is treated as a guarantee that the insured entity's employee is protected by the Workers' Compensation Act. Once the existence of insurance is established, jurisdictional requirements for proceeding before the tribunal are deemed met. Controversies between the employer and the insurer do not divest the compensation tribunal of its power to entertain a worker's claim.
Id. (footnotes omitted).
¶ 5 So ruling, the Oklahoma Supreme Court made it explicit that when an employer's workers' compensation insurance policy exists, the Workers' Compensation Court has jurisdiction to entertain the claims brought by an employee of the insured, regardless of any sovereign immunity defenses the employer would have by virtue of its status as a federally recognized Indian tribe. Id.
¶ 6 Finally, the court concluded that the "estoppel act" (85O.S. §§ 65.2[85-65.2] and 65.3) makes insurers liable regardless of the insured's status as a covered employer, when it is shown that premiums computed on a claimant's wages were accepted under a policy insuring the employer against liability under the Workers' Compensation Act. Id. at 939.
¶ 7 In light of these appellate court decisions dealing with Ms. Dominic's claims, the answer to your first question is that federally recognized Indian tribes are not required to purchase workers' compensation insurance for their employees. Nevertheless, when a federally recognized Indian tribe has voluntarily purchased workers' compensation insurance to protect its employees, those employees may make claims against the insurance carrier in the Workers' Compensation Court. In such cases the court has jurisdiction to entertain such matters, and an insurer who has accepted premiums on the basis of the claimant's wages is estopped from denying coverage. These legal principles apply regardless of whether the claimant is a tribal member, as the court's rulings made no distinction based on tribal membership.
 II. Indian Tribes May Provide Unemployment Insurance for Their Employees by Participating in and Meeting Their Obligations under the State Unemployment System. A Tribe That Does Not Participate in the State System or Fails to Meet Its Obligation under the State System must Pay Federal Unemployment Tax. Further, the Tribe's Employees Remain Uncovered until the Tribe Participates, as Required, in the State System.
¶ 8 You next ask whether tribal-owned casinos and businesses located in the State of Oklahoma are required to carry unemployment insurance for their employees under Oklahoma or federal law.
¶ 9 Unemployment insurance coverage is dealt with in both the Federal Unemployment Tax Act ("Federal Act" or "FUTA"),26 U.S.C. §§ 3301-3311, and Oklahoma's Employment Security Act of 1980 ("State Act of 1980"), 40 O.S. 2001 Supp. 2005, §§1-101-9-401. Under the Federal Act, services performed in the employ of an Indian tribe, or any instrumentality of the tribe which is wholly owned by the tribe, are exempt from the definition of "Employment" by 26 U.S.C. § 3306(c)(B)(7). The provision exempts:
 (7) service performed in the employ of a State, or any political subdivision thereof, or in the employ of an Indian tribe, or any instrumentality of any one or more of the foregoing which is wholly owned by one or more States or political subdivisions or Indian tribes[.]
Id. (emphasis added).
¶ 10 The exemption of Indian tribes from the tax imposed by the Federal Act appears under the provisions of 26 U.S.C. § 3309(d), and is conditioned on the Indian tribe or tribal unit participating in the state unemployment system and making the required contributions or payments "in-lieu-of" contributions to the state. Under the provision Section 3309(d) of Title 26 of the United States Code, Tribes that do not meet their obligations under the state system are no longer exempt from federal unemployment taxation. Section 3309(d) of Title 26 of the United States Code provides:
 The State law shall provide that an Indian Tribe may make contributions for employment as if the employment is within the meaning of section 3306 or make payments in lieu of contributions under this section, and shall provide that an Indian tribe may make separate elections for itself and each subdivision, subsidiary, or business enterprise wholly owned by such Indian tribe. State law may require a tribe to post a payment bond or take other reasonable measures to assure the making of payments in lieu of contributions under this section.
 Notwithstanding the requirements of section 3306(a)(6), if, within 90 days of having received a notice of delinquency, a tribe fails to make contributions, payments in lieu of contributions, or payment of penalties or interest (at amounts or rates comparable to those applied to all other employers covered under the State law) assessed with respect to such failure, or if the tribe fails to post a required payment bond, then service for the tribe shall not be excepted from employment under section 3306(c)(7) until any such failure is corrected. This subsection shall apply to an Indian tribe within the meaning of section 4(e) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450b(e)).
Id. (emphasis added).
¶ 11 In conformity with this federal mandate, the State Act of 1980 provides for participation by Indian tribes at 40 O.S.Supp. 2005, § 1-108[40-1-108] and includes, within the definition of the term "employer," "any Indian tribe for which service in employment is performed." Id. § 1-108(A). Further, the State Act of 1980 defines the term "employment" to include services performed in the employ of any Indian tribe, provided those services are excluded from coverage under FUTA by Section 3306(c)(7) of FUTA. Thus under the State's definition of "employment," services performed for an Indian tribe that loses its federal exemption by failing to meet its obligations under the State system no longer fall within the State Act of 1980's definition of "employment." In pertinent part, the State Act of 1980's definition of "employment" provides:
 B. The term "employment" shall include service performed in the employ of an Indian tribe, as defined in the Federal Unemployment Tax Act (FUTA), 26 U.S.C., Section 3306(u), provided such service is excluded from "employment" as defined in FUTA solely by reason of 26 U.S.C., Section 3306(c)(7). . . .
Id. (emphasis added).
¶ 12 Under the State Act of 1980, Indian tribes or tribal units (which as defined at 40 O.S. Supp. 2005 § 1-108[40-1-108](C), include "subdivisions, subsidiaries, and business enterprises wholly owned by an Indian tribe") "shall pay contributions under the same terms and conditions as required of non-governmental employers for profit subject to the Employment Security Act of 1980," unless the tribe makes an election to pay amounts equal to the amount of benefits attributable to services in the employ of the tribe. Id. § 1-108(E)(1). Under the provisions of 40 O.S.Supp. 2005, § 1-108[40-1-108](E)(2), Indian tribes or tribal units may elect "to make payments in lieu of contributions," and upon making such an election "shall be liable for reimbursement payments in lieu of contributions in the same manner and subject to the same provisions that apply to reimbursing nonprofit organizations."Id.
¶ 13 An Indian tribe or tribal unit that fails to make State-required contributions or State-required in-lieu-of reimbursement payments when required, shall be terminated from participation in the State Act of 1980's program, and the tribe or tribal unit shall no longer be considered an "employer" under Section 1-108 of Title 40, which provides:
 E. 3. An Indian tribe or tribal unit shall be billed for the full amount of benefits attributable to service in the employ of the Indian tribe or tribal unit on the same schedule as other employing units that have elected to make payments in lieu of contributions.
 F. 1. a. If an Indian tribe or tribal unit
thereof fails to file the required reports and pay all late filing penalties or fails to make required payments under the Employment Security Act of 1980, including payment of all interest, penalties, surcharges, or fees, a notice of reporting or payment delinquency shall be mailed to the Indian tribe at its last-known address. If the delinquency is not corrected within ninety (90) days of the date of mailing of the notice of delinquency, the account of the Indian tribe shall be terminated and notice of termination shall be mailed to the tribe at its last-known address, together with a statement of protest rights available pursuant to Section 3-115 of this title. If the account of an Indian tribe is terminated pursuant to this subparagraph, the Indian tribe shall not be considered an "employer" for purposes of subsection A of this section, and services performed for the Indian tribe shall not be considered "employment" for purposes of subsection B of this section.
Id. (emphasis added).
¶ 14 Further, under the provisions of 40 O.S. Supp. 2005, §1-108[40-1-108](I), the failure of an Indian tribe to make required payments under the State Act of 1980 results in immediate notification to the United States Internal Revenue Service and the United States Department of Labor. Such notice, as we have seen under FUTA, will result in the tribe losing its exemption under FUTA. In short, an Indian tribe or tribal unit that does not live up to its obligations under the State Act of 1980 loses its exemption under FUTA, and the tribe becomes liable for the payment of FUTA. Further, the tribe's employees remain uncovered until the tribe participates, as required, in a State system.
 III. Neither the Workers' Compensation Act, Nor the Federal or State Unemployment Laws, Provide for Different Treatment of a Tribal Employee Based upon Tribal Membership.
 What Remedies, If Any, Are Available to a Tribal Employee Not Covered by Either Worker's Compensation or Unemployment Insurance Is a Matter of Fact Which Cannot Be Determined in an Attorney General's Opinion.
¶ 15 In your third question you ask whether employees of a federally recognized Indian tribe who are tribe members are treated differently under the Workers' Compensation Act or the State or federal unemployment laws compared to employees who are not tribe members. As noted above, neither the State Workers' Compensation Act, nor the State or federal unemployment laws, provide for different treatment of employees based upon tribal membership.
¶ 16 In your last question you ask what redress tribal employees may have if injured on the job or unemployed, if they are not covered by workers' compensation or unemployment insurance. What remedies, if any, tribal employees would have in either of these situations depends upon the particular facts of the case and tribal law, which are matters beyond the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 ¶ 17 It is, therefore, the official Opinion of the Attorney General that:
 1. Federally recognized Indian tribes do not fall within the definition of "employer," as that term is used in the Oklahoma Workers' Compensation Act, 85 O.S. 2001 Supp. 2005, §§ 1-211, and are thus not required to provide their employees with coverage under that Act.
 2. Because of their status as sovereigns, federally recognized Indian tribes are not subject to the jurisdiction of the Workers' Compensation Court in the absence of an express waiver. Tribes may, however, purchase workers' compensation insurance to cover their employees. Insurers from whom Indian tribes purchase such insurance are subject to the jurisdiction of the Workers' Compensation Court and are estopped from denying coverage, even though the tribe itself is protected by sovereign immunity.
 3. Federally recognized Indian tribes and tribal units, including subdivisions, subsidiaries and business entities that are wholly owned by a tribe, are exempt from the requirements of the Federal Unemployment Tax Act, 26 U.S.C. §§ 3301-3311, as long as they participate in a state unemployment program and meet their obligations under the state system. Indian tribes or tribal units that fail to meet their obligations under Oklahoma's Employment Security Act of 1980, 40 O.S. 2001 Supp. 2005, §§ 1-101 -9-104, are terminated from participation in the state program, and notice of that termination is forwarded to the United States Internal Revenue Service and the United States Department of Labor as required by 40 O.S. Supp. 2005, § 1-108(I).
 4. Under the provisions of 26 U.S.C. § 3309(d), a federally recognized Indian tribe that fails to meet its obligations under a state unemployment system loses its exemption under the federal Act and become liable for the payment of federal unemployment tax. Further, the tribe's employees remain uncovered unless and until the tribe participates in the state system.
 5. Neither the Oklahoma Workers' Compensation Act, nor the State or federal unemployment laws, provide for different treatment of employees of a federally recognized Indian tribe based upon tribal membership.
 6. What remedies, if any, an employee of a federally recognized Indian tribe might have if injured on the job and not covered by workers' compensation insurance, or unemployed and not covered by unemployment insurance, involves questions of fact and tribal law which are beyond the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b(A)(5).
W.A. DREW EDMONDSON Attorney General of Oklahoma
NEAL LEADER Senior Attorney General
[1] Both at the times of the court's decision in Dominic and now, Section 3(8) of Title 85 defined the term "employer" as follows:
 "Employer", except when otherwise expressly stated, means a person, partnership, association, limited liability company, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association, corporation, or limited liability company, departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof, employing a person included within the term "employee" as herein defined[.]
Id.