2004 OK CIV APP 95

Syble Diane DAVIS, Petitioner,

v.

CHEROKEE NATION ENTERPRISES, Workers' Compensation Court, Respondents,

Unknown, Insurance Carrier.

No. 99,322.

Court of Civil Appeals of Oklahoma, Division No. 2.

May 25, 2004.

Certiorari Denied Nov. 29, 2004.

Brandon J. Burton, T.R. Banks, Burton & Associates, P.C., Oklahoma City, OK, for Petitioner.

James G. Wilcoxen, Wilcoxen & Wilcoxen, Muskogee, OK, for Respondents.

Opinion by KEITH RAPP, Judge.

¶ 1 Claimant, Syble Diane Davis, appeals the workers' compensation court's Order finding it did not have subject matter jurisdiction over the present matter and dismissing her claim for benefits.

BACKGROUND

¶ 2 Claimant works as a cashier for Employer, Cherokee Nation Enterprises, Inc., a wholly owned tribally chartered Cherokee corporation. The record does not indicate that she is a resident of tribal lands and, in fact, indicates she is a resident of the State of

Oklahoma. She sustained a work-related injury to her thoracic back on January 27, 2002. She sought and received medical care and temporary total disability benefits through Kemper Insurance Company's Program for Sovereign Indian Nations Tribal Workers' Benefit and Employers' Liability Insurance Policy.

¶ 3 Claimant filed her Form 3 in the workers' compensation court on January 28, 2003, alleging she sustained an accidental personal injury to her back and arms arising out of and in the course of her employment with Employer.

¶ 4 Employer filed a Motion to Dismiss and brief in support on February 18, 2003, alleging the workers' compensation court did not have subject matter jurisdiction over Claimant's claim or the Employer, a tribal corporation, based on sovereign immunity. Employer stated Claimant was employed at a convenience store located in Indian country on land held in trust by the federal government for the Cherokee Nation when she sustained her alleged injury. Employer argued it was immune from litigation, absent an express waiver of sovereign immunity by the tribe or Congressional action permitting the suit. Employer also argued Claimant was required to bring the action in the tribal court system because tribal courts have jurisdiction over all causes of action arising in Indian country, even those actions involving a non-Indian. Further, Employer alleged Claimant was required to exhaust all tribal remedies.

¶ 5 Claimant argued in response that the court should deny Employer's motion to dismiss because an employee, as a third-party beneficiary to the insurance contract, may enforce the policy against the insurance carrier in the workers' compensation court. In addition, Claimant argued Employer's witness testified that the insurance premium was based on remuneration to employees and classified by occupation. Claimant also noted that the policy listed remuneration as the

premium basis for the policy.[1] Claimant argued Employer had submitted itself to the jurisdiction of the court by purchasing insurance covering Claimant based on remuneration.

¶ 6 The workers' compensation court conducted a hearing on the jurisdictional defense raised in Employer's motion to dismiss. The issue of temporary total disability benefits and all other issues were reserved for future determination. Employer stipulated that Claimant was employed by Employer on the date of her injury and "she was working in the course and scope of employment" at the time of her injury.

¶ 7 The workers' compensation court, after the hearing, entered an Order dismissing her claim and finding the workers' compensation court did not have jurisdiction over Claimant's claim for benefits based on the doctrine of sovereign immunity.

¶ 8 Claimant appeals.

## STANDARD OF REVIEW

¶ 9 This Court is presented with a question of law. "Issues of law are reviewable by a *de novo* standard and an appellate court claims for itself plenary independent and non-deferential authority to reexamine a trial court's legal rulings." *Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084 (quoting *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991)).

## ANALYSIS

¶ 10 The Oklahoma Court of Civil Appeals previously addressed this issue under similar factual circumstances in *Cherokee Nation Casino v. Darrel Sanders,* No. 99,435 (Okla. Civ.App. unpub. op. filed January 13, 2004; *mandated* February 12, 2004). *Sanders* involved the same employer, insurance company, and policy of insurance at issue in the present case.

---

1. Indeed, the policy provides that the premium rate is based on the dollar amount per each $100 of remuneration and that the policy is intended to provide the same benefit level as the workers' compensation laws of this State. Further, Employer's witness testified that it does use job classifications for premium determination (Tr. 37). Therefore, it is readily seen that premiums are based on salary.

¶ 11 In *Sanders*, this Court framed the issue as "whether Employer's insurance company is estopped from denying workers' compensation coverage because it has accepted premiums for that coverage. 85 O.S.2001 §§ 65.2 & 65.3." *Sanders*, No. 99,435 at 4–5. The Court noted that pursuant to Sections 65.2 and 65.3, the employer and the insurance carrier are estopped from denying coverage when workers' compensation insurance has been purchased as set forth in the workers' compensation act.[2] *Sanders*, No. 99,435 at 5 (quoting *Muscogee (Creek) Nation v. Smith*, 1997 OK 66, ¶ 6, 940 P.2d 498, 500). *See also Allen v. Lenape Lure Co.*, 2002 OK CIV APP 74, 50 P.3d 1153; *Kaw Bingo and First Nations Compensation Plan v. Mary Blakely*, No. 97,921 (Okla. Civ.App. unpub. op. filed April 15, 2003; *mandated* June 23, 2003).

¶ 12 The *Sanders* court set forth the necessary elements a claimant must establish to seek protection under the estoppel act:

(1) an injury that occurred during the time her employer maintained a compensation liability policy,

(2) the insured employer's payment of premiums based on the claimant's salary and

(3) claimant's accidental injury occurred in and arose out of her employment with the insured employer.

*Sanders*, No. 99,435 at 5 (citing *Wahpepah v. Kickapoo Tribe of Oklahoma*, 1997 OK 63, ¶ 8, 939 P.2d 1151, 1153). The Court of Civil Appeals found the claimant in *Sanders* had met his burden by establishing each of these elements, including that the insurance premiums were based on his salary.[3] *Sanders*, No. 99,435 at 6. Furthermore, the *Sanders* Court went on to state that "[n]ot only is there competent evidence here to support a conclusion that the premium for the insurance policy actually was based on the employees' salaries, statutory estoppel would apply even if the premium was calculated using some other method that considered the number of

Employer's employees and their job duties." *Sanders*, No. 99,435 at 5–6. The *Sanders* Court therefore concluded the workers' compensation court correctly determined that Kemper was estopped from denying the claimant's coverage. *Sanders*, No. 99,435 at 8.

¶ 13 Based on the rationale set forth in *Sanders*, and after examination of the record presented, including the policy of insurance, this Court finds the workers' compensation court clearly erred in finding it did not have subject matter jurisdiction over this action. This matter is reversed and remanded to the workers' compensation trial court for further proceedings consistent with this Opinion and determination of benefits consistent with the workers' compensation laws of this State and the policy provided by Employer for the benefit of Claimant and others so situated.

¶ 14 REVERSED AND REMANDED WITH INSTRUCTIONS.

COLBERT, C.J., and REIF, P.J., concur.

---

2. This is a policy for workers' compensation coverage of Employer's employees. As noted in n. 1, the policy here is intended to provide the same benefits as the workers' compensation laws of the State of Oklahoma.

3. See n. 1.