2005 OK CIV APP 95

Marilee SQUIRREL, Claimant/Petitioner,

v.

BORDERTOWN BINGO, Hudson Insurance Company and the Workers' Compensation Court, Respondents.

Nos. 101,818, 101,819.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 19, 2005.

Certiorari Denied Nov. 11, 2005.

Brandon J. Burton, T.R. Banks, Burton & Associates, P.C., Oklahoma City, OK, for Claimant/Petitioner.

Jay L. Jones, McKinney & Stringer, P.C., Oklahoma City, OK, for Respondents.

Opinion by ROBERT DICK BELL, Judge.

¶1 Claimant/Petitioner Marilee Squirrel appeals the orders of a three-judge panel of the Workers' Compensation Court (Panel) vacating the orders of the trial judge. The Panel found the Workers' Compensation Court lacked subject matter jurisdiction over Claimant's benefits claims. For the reasons set forth hereinafter, the Panel's orders are vacated.

¶2 Claimant sought workers' compensation benefits for an on-the-job injury to her lungs. She filed a separate proceeding for a work-related injury to her right shoulder. Claimant suffered these two separate injuries while performing services for the Eastern Shawnee Tribe (Tribe) at the Tribe's bingo hall located upon its trust land. The parties stipulated Tribe is a federally recognized Indian tribe and Claimant is a member of Tribe. Hudson Insurance Company (Hudson) maintained workers' compensation insurance coverage for Tribe during all relevant times.

¶3 Tribe sought dismissal of Claimant's claims on the basis that the Workers' Compensation Court lacked subject matter juris-

diction to consider such claims because Tribe had not waived its sovereign immunity.

¶ 4 The trial court entered an order on October 26, 2004, finding Claimant sustained an on-the-job injury to her right shoulder. An order was entered in the separate proceeding on November 8, 2004, finding Claimant sustained a work-related injury to her lungs. In both proceedings, the trial court determined it had jurisdiction and denied Tribe's motion to dismiss. The trial court reasoned the insurance policy in question was written to insure employer under the Oklahoma Workers' Compensation Act, 85 O.S. 2001 § 1 *et seq.* Therefore, Hudson was estopped under 85 O.S.2001 §§ 65.2 and 65.3 [1] (the estoppel act) and *Dominic v. Creek Nation, State Ins. Fund,* 1997 OK 41, 936 P.2d 935, from denying liability based on Tribe's sovereign immunity.

¶ 5 Tribe appealed both of these orders to the Panel. A split Panel vacated both orders. The Panel found the insurance policy did not cover benefits payable pursuant to the Oklahoma Workers' Compensation Act, rather it covered benefits payable pursuant to tribal law. Thus, absent a specific waiver of sovereign immunity by Tribe, the Workers' Compensation Court lacked jurisdiction over Claimant's claims. Claimant now seeks review of the Panel's orders which have been consolidated. Claimant's sole proposition of error alleges the Panel's orders denying jurisdiction are contrary to law.

¶ 6 The question of subject matter jurisdiction presents a question of law. *Tulsa Order of Police Lodge No. 93 ex rel. Tedrick v. City of Tulsa,* 2001 OK CIV APP 153, ¶ 12, 39 P.3d 152, 155. Questions of law are reviewed *de novo. Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.,* 1996 OK 125, 932 P.2d 1100. This Court has plenary, nondeferential authority to re-examine the Panel's legal rulings. *American Airlines v. Hervey,* 2001 OK 74, ¶ 11, 33 P.3d 47, 50.

¶ 7 Tribe contends the Panel's jurisdictional determination should be sustained because Tribe is not an "employer" under 85 O.S. Supp.2003 § 3(7). Although Indian tribes may be noticeably missing from the definition of "employer," Tribe's status is not at issue here. *See Dominic,* 1997 OK 41, 936 P.2d 935. The primary issue is whether Tribe's *insurer* is statutorily estopped from denying workers' compensation coverage. *Id.* In *Wahpepah v. Kickapoo Tribe of Okla.,* 1997 OK 63, 939 P.2d 1151, the Court explained:

> The estoppel act, 85 O.S. [2001] §§ 65.2 and 65.3, makes insurers liable, regardless of the insured's status as a covered employer, when it is established that—at the time of injury—premiums computed on a claimant's wages were accepted under a policy insuring the employer against liability under the Workers' Compensation Act. Once this fact is shown, the insurance contract is *conclusively presumed* to be for the benefit of the injured worker, who is

---

1. Section 65.2 provides:

Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workers' Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury.

Section 65.3 provides:

Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workers' Compensation Act shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by the Workers' Compensation Act regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof.

free to invoke the jurisdiction of the Worker's Compensation Court as the appropriate forum for relief.

*Wahpepah* at ¶ 13, 939 P.2d at 1154–55 (citations omitted, emphasis in original). "The purpose of statutory estoppel is to prevent both an employer's and an employee's ensnarement in the false belief that compensation has been provided, only later to discover the purchased protection to be unavailable." *Little v. Muscogee (Creek) Nation*, 1997 OK 57, ¶ 17, 938 P.2d 739, 744.

¶ 8 Claimant contends the Workers' Compensation Court has jurisdiction to consider her claims because she established: (1) an injury occurred during the time Tribe maintained a compensation liability policy; (2) Tribe paid premiums based on Claimant's salary; and, (3) Claimant's accidental injury occurred in and arose out of her employment with Tribe. *See Wahpepah* at ¶ 8, 939 P.2d at 1153. Claimant points out that under the policy in question, the premiums paid by Tribe were based on remuneration to employees classified by occupation, the policy was issued to cover accidental on-the-job injuries and it referred to Oklahoma's statutes for the schedule of workers' compensation benefits allowed to employees. Therefore, under *Dominic, Wahpepah*, and *Muscogee (Creek) Nation v. Smith*, 1997 OK 66, 940 P.2d 498,[2] Tribe's insurer is estopped from asserting Tribe's sovereign immunity to deny coverage under the Oklahoma Workers' Compensation Act. As further support, Claimant cites to *Allen v. Lenape Lure Co.*, 2002 OK CIV APP 74, 50 P.3d 1153 and *Davis v. Cherokee Nation Enterprises*, 2004 OK CIV APP 95, 103 P.3d 1109. The appellate court in both of these cases applied the estoppel act against a sovereign nation's insurer even though premiums were calculated based on the number of employees and their various job classifications.

■ ¶ 9 Tribe admits Claimant was an enrolled employee for whom Tribe was responsible for providing workers' compensa-

tion insurance coverage. Despite this admission, Tribe contends the estoppel act is inapplicable because Claimant failed to establish Tribe paid premiums based on Claimant's salary or Tribe's payroll. Instead, Tribe's premiums are calculated (rated) on a loss basis. After reviewing extant law, we reject Tribe's contention that the particular method used by Hudson to calculate premiums exempted Hudson from the estoppel act. In this regard *Allen* and *Davis* are persuasive. In *Allen*, the court reiterated §§ 65.2 and 65.3 do not mandate that premiums must be based on wages or salary. The estoppel act applies without reference to the method used by the insurer to calculate premiums. *Davis* similarly held statutory estoppel applies even if the premium was calculated using some other method that considered the number of employees and their job duties. Based on the rationale of these cases, we find Claimant established the second element under *Wahpepah*.

■ ¶ 10 Next, Tribe contends the instant case is distinguishable from the Supreme Court cases cited by Claimant because the policy specifically excludes coverage for liability under the Workers' Compensation Act. Tribe also contends *Allen* and *Davis* lack persuasive authority with respect to this issue because neither case addressed the threshold requirement that the insurance policy provide "for the payment of benefits as provided by the Workers' Compensation Act." Consequently, this Court must determine whether the instant insurance policy was issued "for the purpose of insuring an employer against liability under the Workers' Compensation Act." To make this determination, we look to the provisions of the contract. 15 O.S.2001 § 154.

¶ 11 Item 1 on the information page of Hudson's insurance policy identified the Eastern Shawnee Tribe of Oklahoma as the insured. The policy defined the term "Workers' Compensation" as "the workers or work-

---

**2.** In each of these Supreme Court cases, the sovereign nation purchased insurance policies from the State Insurance Fund, the sovereign nation paid premiums based on its employees' salary, and each policy was issued to cover claims filed pursuant to the Oklahoma Workers' Compensation Act. Under the facts of each case, the Supreme Court held the insurer was statutorily estopped to deny coverage based on the tribe/nation's sovereign immunity under §§ 65.2 and 65.3 because the insurer collected premiums on covered employees.

men's compensation benefits of the state or territory named in Item 1 of the Information Page and each stated *[sic]* named in Item 3.A. and 3.C. of the information page." Item 3.A. of the information page provides the following coverage:

> Sovereign Nation Workers' Compensation Insurance: Part One of this policy is expressly intended to provide workers' compensation benefits to employees of the Tribal Nation named in Item 1 of the Information Page and any affiliated enterprises listed in this policy as insureds. Recognizing said Tribe as a Sovereign Nation, with all of the commensurate civil jurisdictions, the actual benefits provided by this policy are subject to Tribal ordinances or as the Tribal council or other bodies appointed for such purpose may direct. Statutory benefits of each of the State(s) listed here, subject to a maximum 5,000,000 per claim, and the limits stated in Item 3B will serve as the maximum recoverable benefit under Part Two of this policy: OK, KS

¶ 12 Without question, the information page included Oklahoma in its listing of states of coverage and addressed Oklahoma's statutory benefits. Thus, the policy appears to insure against liability under the Oklahoma Workers' Compensation Act. The binder also states "the actual benefits provided by this policy are subject to Tribal ordinances or as the Tribal council or other bodies appointed for such purpose may direct." At first glance, this language—standing alone—appears to exclude coverage for benefits under the Oklahoma Workers' Compensation Act. However, this Court is statutorily mandated to construe all the provisions of the contract as a whole, so as to give effect to every part with each clause helping to interpret the other clauses. *See* 15 O.S.2001 § 157. In applying this rule of construction, we find this language merely indicates that tribal laws (ordinances) also apply.

■ ¶ 13 Even if we found this sentence exempted Tribe from liability for benefits under the Oklahoma Workers' Compensation Act, such a construction would create an ambiguity because the contract also contains boilerplate language which directly refer-

ences Oklahoma's workers' compensation statutory benefits. "The test for ambiguity is whether the language 'is susceptible to two interpretations on its face … from the standpoint of a reasonable prudent lay person, not from that of a lawyer.'" *American Economy Ins. Co. v. Bogdahn*, 2004 OK 9, ¶ 11, 89 P.3d 1051,1054, *quoting Cranfill v. Aetna Life Ins. Co.*, 2002 OK 26, ¶ 8, 49 P.3d 703, 706.

■ ¶ 14 When policy language is ambiguous, the doctrine of reasonable expectations is applied as an interpretive tool to discern the intent of the parties. *Bogdahn*, 2004 OK 9 at ¶ 9, 89 P.3d at 1054.

> Under the reasonable expectations doctrine, when construing an ambiguity or uncertainty in an insurance policy, the meaning of the language is not what the drafter intended it to mean, but what a reasonable person in the position of the insured would have understood it to mean. Thus, in construing an ambiguity or uncertainty against the insurer and in favor of the insured, Oklahoma now looks to the objectively reasonable expectations of the insured to fashion a remedy.

*Id.* (citations omitted). In applying the reasonable expectations doctrine, we hold a reasonable person in Tribe's and Claimant's position would understand that the Hudson policy was issued to insure against work-related injuries and to provide benefits under both tribal law and the Oklahoma Workers Compensation Act.

¶ 15 Based on the foregoing, we hold Hudson is estopped from asserting Tribe's sovereign immunity in defense of Claimant's claims. Consequently, the Panel erred in finding it did not have jurisdiction over this action. The order of the Panel is VACATED.

ADAMS, P.J., and MITCHELL, J., concur.