2007 OK CIV APP 49

**Dianna Marie HALL, Petitioner,**

v.

**CHEROKEE NATION, Hudson Insurance Company, Insurance Carrier, and The Workers' Compensation Court, Respondents.**

**No. 103,502.**

Court of Civil Appeals of Oklahoma, Division No. 2.

April 30, 2007.

☞1065

Walt Brune, Northcutt, Clark, Gardner & Hron, Ponca City, OK, and Frank Gruntkowski, Thomas D. Boettcher, Boettcher, Boettcher & Lobaugh, Tulsa, OK, for Petitioner.

Jay L. Jones, Walls, Walker, Harris & Wolfe, PLLC, Oklahoma City, OK, for Respondents.

KEITH RAPP, Chief Judge.

¶ 1 Claimant, Dianna Marie Hall, appeals an order of the workers' compensation trial court finding it did not have jurisdiction over her claim and dismissing with prejudice, as a matter of law, her claim for benefits against the respondent Cherokee Nation.

## BACKGROUND

¶ 2 Claimant worked for Cherokee Nation EMS approximately ten years as a paramedic. Cherokee Nation EMS is wholly owned by the Cherokee Nation. Claimant sustained an injury on August 21, 2005, when she fell from the back of the ambulance onto a concrete floor.

¶ 3 Claimant filed a Form 3 on September 22, 2005, alleging she sustained a work-related injury to her back, left arm, head, and tailbone on approximately August 21, 2005. She thereafter filed a Form 9 requesting appropriate relief under the Oklahoma Workers' Compensation Act. The Cherokee Nation filed its answer, denying Claimant's injury was covered by the Oklahoma Workers' Compensation Act. The Cherokee Nation asserted as its affirmative defenses: "denial of accidental injury; voluntary intoxication; assert sovereign immunity; deny jurisdiction."

¶ 4 The workers' compensation trial court conducted a hearing on May 15, 2006, on the issues of whether the Oklahoma workers' compensation court had jurisdiction over

Claimant's injury and, if so, whether Claimant sustained a work-related injury.

¶ 5 Claimant argued at the hearing that the workers' compensation court had jurisdiction and the estoppel act, 85 O.S.2001, §§ 65.2 and 65.3, applied.[1] Claimant alleged the premiums on the policy issued by Hudson Insurance Company (referred to as Hudson or collectively with Cherokee Nation as Respondents) were calculated based upon Claimant's wages pursuant to the terms of the policy and Respondents were estopped from denying coverage.

¶ 6 To assist the trial court in defining the dispositive issue here of tribal sovereignty and applicability of the Cherokee Nation's workers' compensation scheme of coverage in place at the time of Claimant's alleged accident, the parties entered into the following agreed stipulations: (1) the Cherokee Nation is a federally recognized Indian tribe; (2) neither the Cherokee Nation nor the United States Congress waived the Cherokee Nation's sovereign immunity for workers' compensation purposes; (3) the Cherokee Nation has its own workers' compensation ordinances and arbitration act that were in effect at the time of Claimant's injury; and (4) "the Cherokee Nation has an insurance policy for workers' compensation injuries that arise under tribal law from the Hudson Insurance Company."

¶ 7 The Cherokee Nation, in asserting lack of jurisdiction, argued that the proper forum for Claimant's request for benefits was the Cherokee Nation Tribal Court and not the Oklahoma workers' compensation court. Respondent Cherokee Nation argued that its workers' compensation policy obtained from Hudson was issued pursuant to tribal law and not pursuant to the Oklahoma Workers' Compensation Act. Respondents also asserted that the estoppel act was inapplicable in view of the stipulation that the Cherokee Nation was a sovereign nation.

¶ 8 Respondents further argued that, if the court found it had jurisdiction, Claimant was not entitled to benefits because she was voluntarily intoxicated at the time of her accident and Title 85 O.S.2001, § 11 precluded her from receiving benefits.

¶ 9 The trial court filed its Order Dismissing Claim on June 13, 2006. The court made the following findings: (1) the Cherokee Nation is a federally recognized tribe; (2) Cherokee EMS is wholly owned by the Cherokee Nation; (3) the United States has not waived tribal sovereignty; (4) the Cherokee Nation has its own workers' compensation system; and (5) "the policy of insurance issued by HUDSON INSURANCE COMPANY was issued pursuant to Cherokee Nation tribal law and not pursuant to the State of Oklahoma Workers' Compensation Act. Consequently, the Estoppel Act is not applicable in this instance." The trial court further determined that it did not have jurisdiction over this claim and sustained Respondents' tribal sovereignty immunity defense. The court

1. The estoppel act, 85 O.S.2001, §§ 65.2 and 65.3, provides as follows:

   Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type

   of employment in which the employee was engaged at the time of such injury.
   85 O.S.2001, § 65.2. Section 65.3 states:

   Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workers' Compensation Act shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by the Workers' Compensation Act regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof.

dismissed with prejudice, as a matter of law, Claimant's claim for benefits. Claimant appeals.

## STANDARD OF REVIEW

▬ ¶ 10 The issue of subject matter jurisdiction presents this Court with a question of law. *Squirrel v. Bordertown Bingo,* 2005 OK CIV APP 95, ¶ 6, 125 P.3d 680, 682. "Issues of law are reviewable by a *de novo* standard and an appellate court claims for itself plenary independent and non-deferential authority to reexamine a trial court's legal rulings." *Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084 (quoting *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991)).

¶ 11 The issue of whether an insurance policy is ambiguous also presents a question of law. *American Economy Ins. Co. v. Bogdahn,* 2004 OK 9, ¶ 11, 89 P.3d 1051, 1054. As previously stated, an issue of law is reviewed *de novo. Kluver,* 1993 OK 85 at ¶ 14, 859 P.2d at 1084.

## ANALYSIS

▬ ¶ 12 Claimant's primary argument is that the workers' compensation court erred in dismissing her claim for lack of jurisdiction. Claimant argues on appeal that Respondents are estopped from denying liability for benefits because "[she] was covered by a compensation liability policy, that premiums were calculated based upon the salary of the Claimant, and the Claimant's accidental injury occurred in and arose out of her employment with the employer."

¶ 13 In response, Respondents argue the estoppel act is inapplicable because, under the facts of the present case, the requirements of 85 O.S.2001, §§ 65.2 and 65.3 are not met for the reason that the policy was not issued pursuant to the Oklahoma Workers' Compensation Act.[2] Respondents contend that the Hudson Insurance Policy was issued pursuant to the Cherokee Nation Workers' Compensation Ordinances and not

in any manner pursuant to the Oklahoma Workers' Compensation Act. Respondents further assert coverage is available to Claimant under the laws of the Cherokee Nation and its Workers' Compensation Act, but that Claimant elected to pursue her claim in an improper jurisdiction.

¶ 14 The Oklahoma Supreme Court discussed the estoppel act's effect on an insurer's liability in *Wahpepah v. Kickapoo Tribe of Oklahoma,* 1997 OK 63, 939 P.2d 1151, wherein it explained:

The estoppel act, 85 O.S.1991 §§ 65.2 and 65.3, makes insurers liable, regardless of the insured's status as a covered employer, when it is established that-at the time of injury-premiums computed on a claimant's wages were accepted under a policy insuring the employer against liability under the Workers' Compensation Act. Once this fact is shown, the insurance contract is *conclusively presumed* to be for the benefit of the injured worker, who is free to invoke the jurisdiction of the Workers' Compensation Court as the appropriate forum for relief.

*Id.* at ¶ 13, 939 P.2d at 1154–55.

▬ ¶ 15 A claimant seeking protection under the estoppel act must establish the presence of three elements: (1) claimant sustained an injury while the employer maintained a compensation liability policy; (2) the employer made premium payments based on the claimant's salary; and (3) claimant's injury arose out of and in the course of her employment with employer. *Dominic v. Creek Nation, State Ins. Fund,* 1997 OK 41, ¶ 9, 936 P.2d 935, 938. However, prior to reaching this threshold test, it is fundamental that the policy of insurance be one that provides "for the payment of benefits as provided by the Workers' Compensation Act."[3] The Court here must examine the contract provisions to make this decision. *Squirrel, 2005 OK CIV APP 95* at ¶ 10, 125 P.3d at 683.

¶ 16 The case of *Squirrel v. Bordertown Bingo, 2005 OK CIV APP 95, 125 P.3d 680,* is instructive in this matter. In *Squirrel,* the Eastern Shawnee Tribe also argued the

---

**2.** *See* n. 1.

**3.** The "Workers' Compensation Act" here is that of the State of Oklahoma.

Tribe's policy excluded coverage for liability under the Oklahoma Workers' Compensation Act. After an examination of the policy language, the Oklahoma Court of Civil Appeals in *Squirrel* held that the insurer, which was also the same Hudson Insurance Company, was estopped from asserting Tribe's sovereign immunity as a defense to the claimant's request for benefits. The *Squirrel* court rejected Hudson's argument that the policy excluded coverage for liability under the Oklahoma Workers' Compensation Act. Instead, the *Squirrel* court found that the policy "included Oklahoma in its listing of states of coverage and addressed Oklahoma's statutory benefits." *Id.* at ¶ 12, 125 P.3d at 684. The court also noted that the policy contained language that appeared to exclude coverage for benefits under the Oklahoma Workers' Compensation Act.[4] *Id.* at ¶ 12, 125 P.3d at 684. However, after construing the contract provisions as a whole, as required by Title 15 O.S.2001, § 157, the *Squirrel* court determined the language "merely indicates that tribal laws (ordinances) also apply." *Id.*

¶ 17 The court there further noted that to interpret this clause otherwise would create an ambiguity in the policy because the policy language references both the Oklahoma workers' compensation statutory benefits as well as tribal law. *Id.* at ¶ 13, 125 P.3d at 684. In resolving this potential ambiguity, the *Squirrel* court applied the doctrine of reasonable expectations to determine the parties' intent. Under this doctrine, "the meaning of the language is not what the drafter intended it to mean, but what a reasonable person in the position of the insured would have understood it to mean." *Id.* at ¶ 14, 125 P.3d at 684. The *Squirrel* court then held that "a reasonable person in Tribe's and Claimant's position would understand that the Hudson policy was issued to insure against work-related injuries and to provide benefits under both tribal laws and the Oklahoma Workers' Compensation Act."

*Id.* The *Squirrel* court thus concluded the Oklahoma workers' compensation court did have jurisdiction over *Squirrel's* claim. *Id.* at ¶ 15, 125 P.3d at 684.

¶ 18 The policy in the matter before this Court does not contain language referring to or applying coverage under the Oklahoma Workers' Compensation Act, as did the *Squirrel* policy. Instead, the specific policy language refers to the "Sovereign Nation Workers' Compensation" and the "Tribal Workers' Compensation Law." The Hudson policy here specifically states in its coverage provisions:

> SOVEREIGN NATION WORKERS' COMPENSATION, EMPLOYERS' LIABILITY and/or OCCUPATIONAL DISEASE:
>
> *Coverage A*—Sovereign Nation Workers' Compensation–Hudson agrees to pay promptly when due all compensation and other benefits required of the Assured by any Tribal Workers' Compensation Law as a result of injury . . . .

The policy further provides that it "does not apply to any suit brought in or any judgment rendered by any court other than the tribal courts to which this Policy is subject."

¶ 19 Unlike the policy in *Squirrel*, the Hudson policy in this case apparently deliberately makes a conscious effort to avoid any reference to the Oklahoma Workers' Compensation Act. The policy makes a conscious effort to explicitly refer only to the tribal workers' compensation law.[5] Policy review clearly shows that the policy was not issued "for the payment of benefits as provided by the Workers' Compensation Act." Thus, the workers' compensation court correctly denied jurisdiction in the Oklahoma Workers' Compensation Court.

¶ 20 Claimant also argues the Hudson policy is ambiguous and this Court, therefore, must apply the doctrine of reasonable expectations and resolve the alleged ambigui-

---

4. The policy stated "the actual benefits provided by this policy are subject to Tribal ordinances or as the Tribal council or other bodies appointed for such purpose may direct." *Squirrel*, 2005 OK CIV APP 95 at ¶ 12, 125 P.3d at 684.

5. The parties mutually stipulated that the Tribe enacted the Cherokee Nation Workers' Compensation Ordinances and created the Uniform Arbitration Act to provide procedures for workers' compensation litigation within the tribal scheme.

ty in favor of Claimant. Claimant claims the policy is ambiguous because the policy provides that it applies worldwide, thereby incorporating Oklahoma law by reference, but also refers to the tribal laws on workers' compensation.

¶ 21 The doctrine of reasonable expectations referenced would apply only if the trial court had jurisdiction and if the challenged policy's language was ambiguous or contained references "to exclusions which are masked by technical or obscure language or which are hidden in a policy's provisions." *Max True Plastering Co. v. USF & G Co.*, 1996 OK 28, ¶ 24, 912 P.2d 861, 870. Here, the challenged language has not been shown to be an exclusion contained in the policy, nor has the policy been shown to be ambiguous, which is a requirement for the reasonable expectations doctrine to apply.

■ ¶ 22 The question of whether a contract, in this case an insurance policy, is ambiguous presents a question of law. *Cranfill v. Aetna Life Ins. Co.*, 2002 OK 26, ¶ 7, 49 P.3d 703, 706. The test for determining whether contractual language is ambiguous is "whether the language 'is susceptible to two interpretations on its face ... from the standpoint of a reasonably prudent lay person, not from that of a lawyer.'" *American Economy Ins. Co. v. Bogdahn*, 2004 OK 9, ¶ 11, 89 P.3d 1051, 1054 (citing *Cranfill, 2002 OK 26* at ¶¶ 7–8, 49 P.3d at 706).

¶ 23 Claimant argues that the policy is ambiguous because it incorporates by reference Oklahoma law, and also contains language stating that the policy was issued pursuant to tribal law. Claimant points to the following language on page 6 of the policy in support of her argument that the policy incorporates Oklahoma law:

TERRITORY: This policy
applies worldwide.

Claimant argues that when an insurance policy refers to the laws of any state it incorporates by reference the laws of those states referenced in the policy. Claimant's asserted authority in support is *Squirrel v. Bordertown Bingo*, 2005 OK CIV APP 95, 125 P.3d 680. However, as previously discussed, the policy language in *Squirrel* is distinguishable from the language in the present case. The policy in *Squirrel* specifically referenced the states of Oklahoma and Kansas.[6] The *Squirrel* court then held that the policy provided benefits under Oklahoma law and that the insurer was estopped from denying coverage because of this. Here, the Cherokee Nation's policy does not specifically reference Oklahoma law or that of any other state, but instead makes reference only to the law of a Sovereign Nation, the Cherokee Nation's tribal law. Further, it states the policy applies worldwide, meaning that whenever and wherever the Cherokee Nation, as a sovereign nation, should employee and direct a person without restriction as to State or National borders, that employee will be covered.

¶ 24 Applying the test for ambiguity to the language in the instant case, this Court finds the phrase is not subject to more than one interpretation. Even Claimant concedes in her brief that the language providing for worldwide application refers to "workers' compensation injuries in Oklahoma and workers' compensation injuries worldwide." Moreover, this Court finds the facts in *Squirrel* distinguishable from the present facts and, therefore, finds the policy language here does not specifically reference the Oklahoma workers' compensation laws. This Court finds the policy is not ambiguous nor is the doctrine of reasonable expectations applicable.

---

6. In *Squirrel*, the policy language stated:
Sovereign Nation Workers' Compensation Insurance: Part One of this policy is expressly intended to provide workers' compensation benefits to employees of the Tribal Nation named in Item 1 of the Information Page and any affiliated enterprises listed in this policy as insureds. Recognizing said Tribe as a Sovereign Nation, with all of the commensurate civil jurisdictions, the actual benefits provided by this policy are subject to Tribal ordinances or as the Tribal council or other bodies appointed for such purpose may direct. Statutory benefits of each of the State(s) listed here, subject to a maximum 5,000,000 per claim, and the limits stated in Item 3B will serve as the maximum recoverable benefit under Part Two of this policy: OK, KS
*Squirrel*, 2005 OK CIV APP 95 at ¶ 11, 125 P.3d at 684.

## CONCLUSION

¶ 25 Based on the foregoing, this Court finds the workers' compensation trial court correctly determined it did not have jurisdiction over Claimant's request for benefits. The workers' compensation trial court's Order is SUSTAINED.

¶ 26 SUSTAINED.

FISCHER, P.J., and WISEMAN, J., concur.