2009 OK CIV APP 65

**Frankie R. PALES, Petitioner,**

v.

**CHEROKEE NATION ENTERPRISES, Hudson Insurance Company, and The Oklahoma Workers' Compensation Court, Respondents.**

**No. 106608.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 1, 2009.

J. Stephen McClellan, Tulsa, OK, for Petitioner.

Jay L. Jones, Walls, Walker, Harris & Wolfe, PLLC, Oklahoma City, OK, for Respondents Cherokee Nation Enterprises and Hudson Insurance Company.

KENNETH L. BUETTNER, Judge.

¶ 1 Petitioner Frankie R. Pales seeks review of an order of the Workers' Compensation Court which dismissed Pales's claim for compensation based on lack of jurisdiction.

4. These numbers are reflected in both parties' filings.

The trial court held that Respondent Cherokee Nation Enterprises (Employer) is an entity of the sovereign Cherokee Nation which has enacted its own workers' compensation laws, and that Respondent Hudson Insurance Company had issued a policy of workers' compensation insurance pursuant to tribal law. The trial court found Employer was entitled to immunity as a sovereign tribe with its own workers' compensation protections and therefore dismissed Pales's claim. We sustain.

¶ 2 Pales filed her Form 3 June 5, 2008, in which she sought compensation for an injury occurring April 12, 2008. Employer filed its Form 10 June 12, 2008, in which it denied Pales was covered by the Oklahoma Workers' Compensation Act and asserted tribal sovereign immunity. Respondent filed a Form 13 Motion to Dismiss the same day.

¶ 3 Hearing on Employer's Motion to Dismiss was held November 12, 2008, and the trial court entered its Order Dismissing Claim November 19, 2008. In dismissing the claim, the court found: 1) the Cherokee Nation is a federally-recognized tribe; 2) Employer is a wholly-owned entity of the Cherokee Nation; 3) the Cherokee Nation had enacted its own workers' compensation laws; 4) the Cherokee Nation had not expressly waived its sovereign immunity in workers' compensation matters; 5) nor had the U.S. Congress waived the Cherokee Nation's immunity in such cases; and 6) Employer's workers' compensation insurance policy was issued pursuant to Cherokee Nation tribal law and not pursuant to the Oklahoma Workers' Compensation Act, and therefore the estoppel provisions of the Act were not applicable.

¶ 4 Pales contends the trial court erred in finding Employer was entitled to tribal sovereign immunity and was not estopped from denying coverage. The existence of subject matter jurisdiction is a question of law and we therefore review the trial court's order *de novo*. *Hall v. Cherokee Nation*, 2007 OK CIV APP 49, ¶ 10, 162 P.3d 979.

¶ 5 The first five of the trial court's findings were made by stipulation of the parties. The parties stipulated that Employer had not waived its tribal sovereign immunity; nevertheless, Pales notes that in some cases a tribal employer may be subject to the jurisdiction of the Workers' Compensation Court pursuant to the estoppel provisions of the Oklahoma Workers' Compensation Act.[1] *Wahpepah v. Kickapoo Tribe of Oklahoma*, 1997 OK 63, ¶ 5, 939 P.2d 1151. The issue therefore is whether Employer's insurance policy caused Employer to be subject to the Act in this case.

¶ 6 Initially, we must determine whether the insurance policy at issue provides for the payment of compensation pursuant to the Oklahoma Workers' Compensation Act. *Hall, supra*, at ¶ 15. If so, then Pales has the burden of proving three elements to come within the estoppel provisions of the Act: (1) she sustained an injury while Employer maintained a compensation liability policy; (2) Employer made premium payments based on Pales's salary; and (3) Pales's injury arose out of and in the course of her employment. *Id.*, citing *Dominic v. Creek Nation, State Ins. Fund*, 1997 OK 41, ¶ 9, 936 P.2d 935, 938.

1. The Workers' Compensation Act provides that an employer is estopped from denying coverage for employees for whom the employer has paid workers' compensation insurance premiums. 85 O.S.2001 § 65.2. That section provides:

   § 65.2. Estoppel of employer and insurance carrier
   Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury.

¶ 7 Employer contended at the hearing that its policy did not subject it to the Workers' Compensation Act, relying on *Hall, supra.* Pales countered that certain language in the policy referred to state workers' compensation benefits and therefore subjected Employer to the court's jurisdiction under the reasoning of *Squirrel v. Bordertown Bingo,* 2005 OK CIV APP 95, 125 P.3d 680. In *Squirrel,* this court explained that whether a workers' compensation policy was issued "for the purpose of insuring an employer against liability under the (Oklahoma) Worker's Compensation Act" depends on the provisions of the contract. *Id.* at ¶ 10. In *Squirrel,* the appellate court relied on the facts that the policy defined "workers' compensation" as "the workers' ... compensation benefits of the state ... named ...," and specifically referred to Oklahoma's statutory benefits to find that the policy indicated it was issued to insure the employer under Oklahoma's state worker's compensation law, as well as the tribe's. *Id.* at ¶¶ 11–14. In *Hall,* the appellate court reached the opposite result, based on policy language which deliberately avoided any reference to Oklahoma workers' compensation law. 162 P.3d at 983. The court held that the policy language was unambiguous and did not indicate it was issued to cover the employer under Oklahoma law. *Id.* The policy provision which Pales cited to support her argument at trial is similar to the language in *Hall.*[2] We find the policy language in this case also shows expressly and unambiguously that it was not issued to cover Employer under Oklahoma law. We disagree with Pales's contention that the reference to "a state" in the quoted provision is sufficient to create an ambiguity such that the estoppel provision applies.

¶ 8 Even if we were to find an ambiguity and use the reasonable expectation test used in Squirrel, it is clear that the insured's reasonable expectation of this policy was that it was not issued under the Oklahoma Workers' Compensation Act specifically to insure the application of the sovereign immunity defense.

¶ 9 The parties also stipulated that Pales is not a tribal member. Pales argues that this case should be remanded to the trial court for reconsideration in light of the recent Oklahoma Supreme Court decision in *Cossey v. Cherokee Nation Enterprises, LLC,* 2009 OK 6, 212 P.3d 447.[3] Cossey involved a tort claim by an injured tribal casino patron. The non-tribal member patron sued the tribe in state court under the Oklahoma Indian Gaming Compact. The Oklahoma Supreme Court held that the state court was a court of competent jurisdiction for tort claims under the Compact. Cossey addresses the waiver of sovereign immunity under a specific provision of the gaming compact, which does not reference workers' compensation law. We are not persuaded that the analysis in Cossey changes Oklahoma precedent on sovereign immunity for workers' compensation cases.

¶ 10 On *de novo* review, we find that the policy in this case does not show it was issued to cover Employer under the Oklahoma Workers' Compensation Act. And, the tribe has not waived its sovereign immunity

---

**2.** The policy provision on which Pales relies provides:

General Section
* * *

C. Sovereign Nation Workers' Compensation Sovereign Nation Workers' Compensation means the workers' or workmen's compensation benefits as established by you. It does not include any state, federal worker or workmen's compensation law, and federal occupational disease law or the provisions of any law that provide non-occupational disability benefits.

Recognizing the tribe as a sovereign nation, with its corresponding civil jurisdiction, the actual benefits provided by this policy are subject to the tribal ordinance related to workers' compensation benefits, in effect as of the effective date of this policy.

*In the absence of a tribal ordinance you may or may not elect to utilize a state's workers' compensation benefit levels as a guideline for the benefits payable under this policy. However, in no event shall benefits payable exceed such state level benefits. The mere use of a state's benefit levels as a guide for payments, however, does not constitute an adoption of such state's benefit levels and shall not be construed as a waiver of your sovereign immunity.* (Emphasis added).

**3.** The Oklahoma Supreme Court's website indicates Cossey has not yet been released for publication in the permanent law reports. However, the docket indicates that mandate issued June 11, 2009.

for workers' compensation matters. Accordingly, the trial court's order dismissing Pales's claim is SUSTAINED.

BELL, P.J., concurs in result, and ADAMS, J., concurs.