2010 OK CIV APP 16

**Sequoyah QUINTON, Petitioner,**

v.

**CHEROKEE NATION ENTERPRISES, Hudson Insurance Company, and the Workers' Compensation Court, Respondents.**

**No. 107,128.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

Dec. 18, 2009.

Gregory G. Meier, Meier & Associates, Tulsa, OK, for Petitioner.

Jay L. Jones, Walls Walker Harris & Wolfe, PLLC, Oklahoma City, OK, for Respondents.

DOUG GABBARD II, Presiding Judge.

¶ 1 Claimant, Sequoyah Quinton, seeks review of an order from a workers' compensation court three-judge panel affirming the trial court's dismissal of his claim. The trial court found that the Oklahoma workers' compensation court lacked subject matter jurisdiction. We sustain the panel's decision.

## BACKGROUND

¶ 2 Claimant is a member of the Cherokee Nation. He was injured October 29, 2007, during the course of his employment as a security supervisor at Cherokee Nation Enterprises, L.L.C.'s (Employer's) casino in Catoosa, as he attempted to arrest a customer. He filed a Form 3 in Oklahoma workers' compensation court in January 2008, asserting injury to his neck, back, shoulder, and knee as the result of a work-related incident. Employer entered a special appearance and moved to dismiss, citing lack of subject matter jurisdiction.

¶ 3 At an April 2008 hearing, the parties submitted the following stipulations:

1. The Cherokee Nation is a federally-recognized tribe.
2. Cherokee Nation Enterprises, L.L.C. is a wholly-owned entity of the Cherokee Nation.
3. The Cherokee Nation has not expressly waived its sovereign immunity with regard to workers' compensation.
4. The U.S. Congress has not waived the sovereign immunity of the Cherokee Nation for workers' compensation purposes.
5. The Cherokee Nation has enacted and utilized its own workers' compensation ordinances and arbitration act.
6. The Cherokee Nation provides a forum for contested workers' compensation matters in its own tribal court system.
7. Claimant is a member of the Cherokee Nation.
8. Claimant is an employee of the Cherokee Nation and specifically of Cherokee Nation Enterprises.

---

1. Employer stipulated that Claimant had sustained such an injury and that it was paying

¶ 4 Without objection, Employer also admitted into evidence the workers' compensation and arbitration acts of the Cherokee Nation and its workers' compensation insurance policy with Hudson Insurance Group. The Cherokee Nation's Workers' Compensation Act states, at Section 4(A):

All Employees shall be conclusively presumed to have acknowledged the exclusive applicability of the terms, conditions and provisions of this Act, and that the Cherokee Nation is a sovereign Nation for the purposes of workers' compensation, governed by the laws set forth by the Council of the Cherokee Nation and that no other workers' compensation law, including but not limited to that of the State of Oklahoma, is applicable to injuries or death sustained by them.

The Act also requires Employer to conspicuously post a notice advising all employees of the applicability of the act, including notice that it is "the exclusive remedy" against Employer, and that "no other workers' compensation law, including that of the State of Oklahoma, is applicable to injuries or death sustained by" Employer's employees.

¶ 5 After reviewing the stipulations and evidence, the trial court dismissed Claimant's claim for lack of subject matter jurisdiction, finding that Employer admitted Claimant had sustained a work-related injury to his back,[1] that Employer's workers' compensation act provided a forum for Claimant in tribal court, that Employer's workers' compensation insurance policy did not subject Employer to the Oklahoma court's jurisdiction, and that Claimant had presented "no other evidence which would constitute a waiver" of Employer's sovereign immunity. Claimant appealed to a three-judge panel, which unanimously affirmed the trial court's decision. Claimant appeals.

## STANDARD OF REVIEW

■ ¶ 6 Whether the Oklahoma workers' compensation court has subject matter jurisdiction over a claim presents an issue of law. *Hall v. Cherokee Nation*, 2007 OK CIV APP

---

Claimant temporary total disability benefits pursuant to its workers' compensation act.

49, ¶ 10, 162 P.3d 979, 982. This Court reviews issues of law *de novo*, that is, "a non-deferential, plenary and independent review of the trial court's legal ruling." *Cossey v. Cherokee Nation Enters. LLC*, 2009 OK 6, ¶ 3, 212 P.3d 447, 450.

## ANALYSIS

¶ 7 The facts underlying this case are identical in all material respects to those of two published Court of Civil Appeals opinions, *Hall v. Cherokee Nation*, 2007 OK CIV APP 49, 162 P.3d 979, and *Pales v. Cherokee Nation Enterprises*, 2009 OK CIV APP 65, 216 P.3d 309. In those cases, the Court sustained dismissal of a claim filed in the Oklahoma workers' compensation court against a federally-recognized Indian tribe for lack of subject matter jurisdiction.

¶ 8 However, unlike the claimants in both *Hall* and *Pales*, which held that Oklahoma's "Estoppel Act," 85 O.S.2001 § 65.2, did not afford subject matter jurisdiction to the Oklahoma workers' compensation court, Claimant asserts that barring him from the Oklahoma workers' compensation courts violates his constitutional rights to equal protection and due process of law. He contends this is so because the provisions of Oklahoma's Workers' Compensation Act are more favorable to workers than the provisions of the Cherokee Nation's Workers' Compensation Act.[2] Essentially, he contends that the Oklahoma court's refusal to hear his suit based on its recognition of Employer's sovereign immunity is unconstitutional, and, therefore, subject matter jurisdiction lies with the Oklahoma court to decide his claim and award a workers' compensation judgment against Employer. This argument misunderstands the nature of sovereign immunity and its effect on an Oklahoma court's ability to entertain a private civil claim—regardless of its basis—against Employer.

¶ 9 "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of*

*Okla. v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754, 118 S.Ct. 1700, 1702, 140 L.Ed.2d 981 (1998). "It is the sovereignty that gives rise to the immunity from private suit in order to protect the dignity of the sovereign." *Bittle v. Bahe*, 2008 OK 10, ¶ 22, 192 P.3d 810, 819.

¶ 10 Here, Employer, an Indian tribe, is a sovereign entity that has not waived its immunity from being sued in and subjected to the jurisdiction of Oklahoma courts, at least in the area of workers' compensation. Regardless of whether Employer's workers' compensation statutes treat employees better or worse than the Oklahoma workers' compensation statutes, an Oklahoma workers' compensation court lacks jurisdiction to hear Claimant's claim because Employer has not consented to allowing such an action to be brought against it—which is the essence of sovereignty. *See Bittle* at n. 10 ("Immunity from private suit is central to sovereign dignity."). Employer's immunity from suit means that Oklahoma courts cannot entertain Claimant's workers' compensation claim against Employer. The court was correct in dismissing Claimant's claim.

## CONCLUSION

¶ 11 Accordingly, the order of the three-judge panel affirming dismissal of Claimant's action for lack of subject matter jurisdiction based on Employer's sovereign immunity is sustained.

¶ 12 SUSTAINED.

RAPP and FISCHER, JJ., concur.

---

**2.** The transcript of the workers' compensation trial court hearing does not indicate that Claimant raised the constitutional arguments in that tribunal. However, he clearly asserted violation of his equal protection and due process rights in his petition for review before the three-judge panel, and Employer does not contend Claimant has waived this argument.